No. 2345.

M. E. HARKEY ET AL *v.* THOMAS M. CAIN.

1. DESCRIPTION.—A deed conveying a town lot which describes it only by the length and breadth thereof, but which, in addition, designates the particular property by describing the improvements thereon, they being the only improvements of like character in the town, is sufficient.

2. FIXTURES.—Whenever the owner of land attaches personal property to it as a permanent accession to the value of the freehold, it loses its character of personal property and becomes a part of the realty. The rule is different as to a tenant, who, with the landlord's consent, so annexes chattels to the land that they may be removed without injuring the land. In such case the chattels, though annexed, form no part of the realty, and may be removed on the determination of the lease.

3. SAME—REAL AND PERSONAL PROPERTY.—If a vendee purchases personal property, the title of which remains with the vendor, by the terms of sale, until the property is paid for, and with the vendor's permission the vendee removes it and so attaches it to the realty that it would ordinarily become a part thereof, it remains personal property as between the parties until the purchase money is paid. So if the mortgagor of a chattel, in possession, by agreement with the mortgagee, annexes the chattel to his own land, the mortgagee's rights are not affected, and he may treat the chattel as personal property.

4. VERDICT.—A verdict which is not responsive to the instructions of the court is sufficient if it be responsive to the issues presented by the pleadings as to enable the court to adjudicate the rights of the parties.

5. IMPROVEMENTS IN GOOD FAITH.—The statute regulating the rights of parties when improvements have been made in good faith on the lands improved and occupied by one who is not the owner, is applicable only to such improvements as, when made, constitute a part of the realty, and has no application when the improvements were made under such circumstances as constituted them personal property.

APPEAL from Hunt. Tried below before the Hon. J. A. B. Putnam.

*Montrose, Grubbs & Heffner,* for appellant: On their proposition that if the subject of a grant can not be ascertained from the description, the grant itself is void, cited Norris v. Hunt, 51 Texas, 613 to 616; Wooters v. Arledge, 54 Texas, 396; Prentice v. Stearns, 113 United States, 435; Wallace v. Penfield, 106 United States, 16 (Otto, 200); Abbott's Trial Evidence, page 696 and note; Negley v. Lindsey, 67 Pennsylvania State, 217 (5

A. R., 427); Campbell v. Johnson, 44 Missouri, 247; Bailey v. White, 41 New Hampshire, 337; Boyd v. Ellis, 11 Iowa, 97; Cohron v. Utt, 42 Indiana, 267.

That the court erred in overruling plaintiff's third special exception to defendant's answer, for defendant in his answer seeks to sever a part of the realty from the body thereof, they cited Moody v. Aiken, 50 Texas, 72; Hutchins v. Masterson, 48 Texas, 554.

That the court erred in overruling plaintiffs' fifth special exception to defendant's answer, for he seeks to recover a judgment against plaintiffs on a mortgage and promissory notes and deed of trust, when more than four years had elapsed from the accrual of defendant's cause of actions and the time he sought a judgment thereon in this action, they cited Revised Statutes, article 3205; Duty v. Graham, 12 Texas, 433; Ross v. Mitchell, 28 Texas, 153, 154; Sprague v. Ireland, 36 Texas, 655; Turner v. Smith, 11 Texas, 627, 628.

*E. W. Terhune,* for appellee: On his proposition that the description of the land in the deed is sufficient to identify it, but if not, it is when aided by the allegations in the petition, but if neither is, in the absence of a statement of the facts, the court can not say that the deeds were offered and admitted in evidence, or any rights of appellants injured by overruling the exceptions, cited Douthit v. Robinson, 55 Texas, 69; Bitner v. New York & Texas Land Company, 3 Southwestern Reporter, 301; Truett v. Adams, volume 5, number 1, Pacific Reporter; Devlin on Deeds, sections 1012 and 1042.

Appellant's third assignment is that the court erred in overruling their third special demurrer. That exception is that the plea sought to sever a part of the realty from the body thereof. It is, in the first place, perfectly legitimate, under certain facts, to sever a part of the realty from the main body. But the plea excepted to did not so intend. The property claimed by appellee was never a part of the realty under the plea, and we submit that where one sells personal property on credit, retaining the title in himself until it is paid for, the title remains in the seller, and the subsequent attaching of property to the realty by the vendee or mortgagor does not make it a part of the realty nor defeat the seller's title; and on other propositions cited City National Bank v. Tufts, 63 Texas, 113; Tiffts v. Horton, 53 New York, 377; 1 Jones on Mortgages, section 431; Tyler on Fix-

tures, pages 567 and 614; 2 Jones on Mortgages, sections 927a,. 924, 929; 1 Jones on Mortgages, section 885; Colebrook's Collaterals, section 183; Kaufman & Runge v. Robey, 60 Texas, 308; 2 Jones on Mortgages, sections 1128, 1129; 1 Jones on. Mortgages, section 147.

GAINES, ASSOCIATE JUSTICE. This was an action of trespass. to try title brought by appellants against appellee, to recover a lot of land in the town of Lone Oak, in Hunt county, together with a certain house, mills and machinery situated thereon. The court gave judgment for the plaintiffs for the lot, and for the defendant for the house, mills and machinery, allowing defendant ninety days within which to remove the property adjudged to him from the land. The petition was in the ordinary statutory form. The special answer of defendant set up, in substance, that about May 1, 1879, he sold to plantiff, John M. Harkey (who is the husband of his co-plaintiff), the house, mill and machinery then situated in Rains county, for the sum of two thousand dollars, for which the latter executed his two promissory notes for one thousand dollars each, due respectively about December 25, 1879, and December 25, 1880, and bearing ten per cent interest from date; and that by the terms of the contract, the vendor retained the title in the property until the purchase money should be fully paid. It was further averred, that with the consent of the defendant, the plaintiff moved the property on the lot in controversy; and that defendant being indebted to Leon & H. Blum, transferred the notes executed by plaintiff to them in order to secure the indebtedness. The answer also alleged that the notes not having been paid, on the eleventh day of November, 1881, plaintiffs executed a new note to the Blums for the sum of two thousand and six hundred dollars, due February 1, 1882, in renewal of the original notes and at the same time they executed a deed in trust upon the lot in controversy and the mill and machinery thereon situated, to secure the same. It was further alleged that the latter note not having been paid, the lot and property upon it were sold by the trustee by virtue of the deed of trust, and bought in by Hyman Blum,. to whom the trustee conveyed the same. It was also averred, that defendant subsequently paid his indebtness to Leon & H. Blum, and that in consideration thereof Hyman Blum conveyed the whole of the property to him. Copies of the deed of trust.

and of the trustee's deed to Hyman Blum, were attached to and made a part of the answer.

There is no bill of exceptions or statement of facts in the record. The assignment of error relied upon in the brief will be considered in the order in which they are presented.

The second assignment of error, is that "the court erred in overruling the first and second special exceptions of plaintiffs to defendant's answer, for the deed of trust and deed set up therein, marked exhibit A and B, does not identify or describe any land, so as to recover in this action."

In the deed of trust and the trustee's deed, the property is described as follows: "All that certain plot of land (being about one hundred by one hundred and fifty feet) situated in said town of Lone Oak, and certain building situated thereon, same being used as a flouring, corn mill, and cotton gin, and all fixtures and tools pertaining thereto." We are of opinion that the description is sufficient. . l that is required in a conveyance is that the property shall be described with such certainty that it can be definitely identified. If the words "all that certain plot of land (being one hundred by one hundred and fifty feet) situated in said town of Lone Oak" stood alone, the exception might have been well taken, but the subsequent words in the description quoted points out the lot by reference to the improvements placed upon it at the date of the mortgage. The petition alleges the land described in the deed of trust "is the same land described in plaintiff's petition, and is the only mill house or gin there was in Lone Oak at that time." If this be the fact—and it is admitted by the demurrer—the property could undoubtedly be identified, and the description is sufficient. Besides, the deed in trust recites that the note secured by it was given for the purchase money of "the said mill," the word mill being doubtless used in its enlarged sense so as to include the house and machinery. Hence the property described was capable of identification by showing what property then in Lone Oak constituted the original consideration of the debt which was evidenced by the note and secured by the deed of trust.

The third assignment is that "the court erred in overruling plaintiff's third special exceptions to defendant's answer, for defendant in his answer seeks to sever a part of the realty from the body thereof." This raises the question whether, according to the allegation of the petition, the mill house, mill, gin and machin-

ery are to be deemed, as to Leon & H. Blum and those claiming under them, a part of the realty, and this we think the most important point in the case. Movable property which is attached to realty, and which is capable of being removed without being itself destroyed and without detriment to the freehold, is generally called a fixture. Further than this, the use of the term has never been satisfactorily settled. Some authorities confine it to such personalty as has been attached to the realty in such manner as to become a part of it. While perhaps an equal number apply the word to such only as remains personalty, although annexed to the freehold. (See Abbott's Law Dictionary, word "Fixture.") Using the word, however, in its more general sense, whether a fixture is be deemed real or personal property, depends in many cases upon the circumstances, which may reasonably be presumed to manifest the intention of the parties concerned in its annextion to the realty. (Moody v. Aiken, 50 Texas, 65; Hutchins v. Masterson, 46 Texas, 551.) When the owner of land attaches personal property to it as a permanent accession to the value of the freehold, it becomes a part of the realty. A tenant, upon the other hand, who, with the consent of his landlord, annexes chattels to the land in such manner that they can be removed without damage to the realty, does not thereby part with his property in them, but may remove them at or before the termination of his lease. So, if one agree to sell to another, personal property, and deliver it, retaining the title until the purchase be paid, and the vendee obtain his consent and move it upon and attach it to the vendee's realty, it will, in our opinion, remain personalty, as between the parties to that transaction. So, if the mortgagor in possession, by agreement with the mortgagee, annex a mortgaged chattel to his own land, the mortgagee's rights are not affected, and he may still treat it as personal property. (Tiffts v. Horton, 53 N. Y., 377; Eans v. Estes, 10 Kan., 314; Tibbetts v. Moore, 23 Cal., 208; Cullers & Henry v. James, 66 Texas, 494.)

The petition alleges that the mill house, machinery, etc., were removed by plaintiff after the purchase, from Rains county to the town of Lone Oak; from which it must be inferred that the house was a movable structure, capable of being transferred from one position to another, without being itself destroyed, and without injury to the land from which it was taken. The same presumption arises as to the machinery, mills, etc. It follows, therefore, from what we have said, that after the re-

moval they remained the property of the defendant; and that the transfer of the notes to Leon & H. Blum subrogated them to his rights. It may be admitted that, by taking a mortgage they affirmed the sale and thereby invested plaintiff with the legal title; yet it does not follow that they thereby made it a part of the realty. It is not to be presumed that they intended by the transaction, that they should be embarrassed in the assertion of their rights, by permitting property, which as to them was personalty, to become a part of the realty upon which it was placed, and thereby subject to homstead or other claims upon the lot. There was no error therefore in the ruling of the court complained of in the assignment under consideration.

The defendants in their answer, prayed that in the event they were held not to be entitled to the property in controversy, they have a judgment foreclosing the mortgage lien upon it. This was excepted to by the plaintiff on the ground that the notes were barred by limitation, and the exception having been over-ruled, the ruling is assigned as error. In reference to this it is sufficient say that the court not having given judgment upon the notes and enforcing the lien, the ruling has not operated to the prejudice of appellant; and the error is harmless.

The sixth assignment is, in effect, that the court erred in not granting a new trial because the verdict of the jury was not responsive to the charge of the court. The court charged the jury, that if they should find that the lot, at the time the deed of trust was executed, was a part of the homstead of plaintiffs, and the improvements, or any part thereof, belonged to defendant, or that part of such improvements belong to plaintiffs, and part to defendant, they will then find from the evidence the value of each separate piece of property on such lot, stating to whom it belonged, and gave them the form of the verdict. The jury retured the following verdict: "We, the jury, find that the lot in controversy is a part of plaintiff's homestead, and that the value of the same, without the improvements thereon, is fifty dollars ($50.00), and find for defendant all improvements thereon."

It would seem, that it was claimed upon the trial, that there were improvements upon the lot not embraced in the mortgage and not placed there by defendant, and that the court was of the opinion that there was evidence which would warrant the jury in finding, that a part of the property situated upon it belonged

to plaintiffs and a part to defendants. To provide for such a contingency the charge was framed. In that case, a finding as to the value of the several pieces of property may have been necessary in order to adjust the equities between the parties. But the jury having found for the plaintiffs for the lot, and for the defendants for all the improvements, it was unnecessary to find the value. The verdict, though not responsive to the instructions, is responsive to the issues made in the pleadings, so far as necessary to adjudicate the rights of the parties, and is therefore sufficient.

The seventh assignment is, that the court erred in not instructing the jury as to improvements in good faith, and the eighth complains of the judgment because it gives plaintiff judgment for the lot and defendants judgment for the improvements, and allows them ninety days in which to remove them. The law of improvements in good faith (Rev. Stats., art. 4812, et seq.,) is applicable to such as have been placed upon land by a defendant, under such circumstances as to make them a part of the realty. It has no application to a case like the present, in which the claim is that the property placed upon the realty never was a part of it. The jury having found that the improvements in this case belonged to a defendant, and, in effect that they were personal property, the court did not err in decreeing that the defendants had the right to remove them, and in allowing a reasonable time for that purpose. The case called for the interposition of the equitable powers of the court, and they were properly exercised.

What has already been said with reference to the question raised by the third assignment of error, is sufficient to dispose of the ninth, which complains of the judgment rendered on the verdict, upon the ground that the fixtures were a part of the realty. If we are correct in our conclusion, they were not a part of the realty, and the judgment is not erroneous.

By the tenth assignment of error, appellant complains of the charge of the court, because it failed to instruct the jury, under what circumstances a lien could be fixed upon homestead property for work done and materials used in constructing improvements thereon. But defendants did not claim a lien for improvements on the land placed there under the statute. Their contention was that the improvements, under the circumstances, did not become a part of the realty, and hence not a part of the

homestead. Such a charge was not called for by the pleadings, and it was not error to omit it.

The manifest justice of the case has been attained. The appellants sought to recover property of which they had had the use for many years, and for which, so far as we can see by the record, they paid nothing. Having failed in their attempt, they have no right to complain. There being no error in the judgment, it is affirmed.

*Affirmed.*

Opinion delivered November 15, 1887.