## A. W. McNEIL V. B. E. MOORE.

### No. 601.

1. **Mortgage on Homestead—Attachment.**—Plaintiff sued on promissory note secured by mortgage on mill machinery permanently attached to defendant's homestead. Attachment was sued out, which was levied on the machinery. It appeared that one M. had sold the machinery to S., taking note without security. S. then sold to defendant, with agreement that title should remain in S. until defendant had paid purchase money. Afterwards defendant and S. gave a joint note to M. for the debt, with lien on machinery. The note sued on was a substitute for the last note and mortgage on the mill machinery given to secure it; note and mortgage transferred to plaintiff. *Held:*

1. The mortgage on the machinery was good. Defendant could acquire no homestead privilege as against S.

2. The transfer when the second note was given changed the form of contract between S. and defendant from a conditional sale, and vested title in the latter, incumbered with an express lien.

3. As the property was attached to the homestead, the mortgage was prima facie invalid; to charge the lien on the property, plaintiff must have gone behind the mortgage and shown facts to sustain lien; such facts should have been pleaded.

4. If title to the property had remained in S., not even that fact would render the property subject to attachment for debts of defendant due third parties. If M.'s debt had constituted a lien, he could not have taken it by attachment. As against attachment, defendant's homestead plea was a complete defense.

2. **Attachment.**—If grounds for exist, but levy is unlawful, defendant is entitled to damages.

3. **Statement of Facts—Costs.**—When statement of facts, in violation of rules, contains copies of instruments the substance of which should have been stated, costs of copying statement of facts in the record will be adjudged against appellant.

APPEAL from Tyler. Tried below before Hon. J. A. MOONEY, Special Judge County Court.

*W. B. Powell,* for appellant.—1. The allegations in the petition and the proof must correspond, and every fact necessary for the plaintiff to recover in a suit must be alleged before proof can be heard thereon. Mims v. Mitchell, 1 Texas, 443.

2. The homestead of a family can not be subjected to attachment, nor for the payment of a debt, except when a valid lien exists against it.

The subsequent transaction between McNeil and Smith and James Milner, in which Milner gave up the vendor's lien note for $246.60, and took a plain promissory note for $300, secured by a mortgage, changed the original contract from a conditional sale (wherein the title always remains in the vendor), to that of a mortgage (in which the title is in the mortgagor, for a valid mortgage can not be given till the title passes). Said boiler and engine then being a part of the homestead, could not be incumbered. Griffith & Wedge v. Morrison, 58 Texas, 51; Harkey v. Cain, 69 Texas, 150; Rev. Stats., art. 2355.

3. Neither at common law nor by any statute of this State is the parol reservation in the sale of personal property a lien upon the thing sold. In all such cases a party must have actual or constructive possession of the property; as soon as he surrenders that possession his lien is gone. Gay v. Hardeman, 31 Texas, 245; 2 Kent's Com., *p. 638, 639.

4. An attachment is wrongfully sued out when the facts upon which it is based do not exist, and the defendant can recover whatever actual damages he has sustained by the seizure of the property under the writ thus wrongfully obtained. An attempt to deprive creditors can not exist in the sale of a homestead. Blum v. Strong, 71 Texas, 326; Bear Bros. & Hirsh v. Marx & Kempner, 63 Texas, 302; Carothers v. McIlhenny Co., 63 Texas, 138.

5. If an attachment be sued out upon a ground untrue in fact, damages may be recovered, though there existed probable cause. Carothers v. McIlhenny Co., 63 Texas, 138; Christian v. Seligson & Co., 63 Texas, 406; Craddock v. Goodman, 54 Texas, 585.

No brief for appellee has reached the Reporter. ·

WILLIAMS, Associate Justice.—This suit was brought by appellee against appellant and one Smith, on a note for $300 and to foreclose a mortgage, given to secure it, on an engine and boiler. An attachment was sued out and levied on the engine and boiler, and on other machinery.

Smith made no defense, but appellant pleaded that the property mortgaged, as well as that attached, was, when the mortgage was given and when the attachment was levied, attached to his homestead and constituted a part of it, and was not subject to either lien.

No pleading in reply to this was filed by plaintiff. At the trial it was shown, as found by the judge, that all of the machinery was permanently attached to the land which constituted McNeil's homestead when the mortgage sued on was given and when the attachment was levied; but that, by reason of the facts shown, it was subject to the mortgage, and some of it to the attachment.

It appears that one Milner sold Smith the engine and boiler, taking his promissory note, without security, for the price. Smith thereafter sold them, together with the other property seized under the attachment, to McNeil, under the agreement that the latter should pay all debts against it, including that due to Milner, and pay a balance of $1000 to Smith; and that the title to all this property should remain in Smith until McNeil had paid the purchase money.

Some months after this trade was made, McNeil and Smith gave their joint note to Milner for the debt due him for the engine and boiler, and a lien upon them to secure it. Whether at this time Mc-

Neil was the head of a family, or whether the engine and boiler had then been attached to the land constituting his homestead, does not distinctly appear.

Thereafter the note sued on was substituted for that last mentioned, and a mortgage on the engine and boiler was given to secure it, and both were transferred by Milner to appellee before this suit was brought.

Under this state of facts, we are of the opinion that the mortgage on the engine and boiler was good. By the agreement between Smith and McNeil, the latter was required to pay the Milner note, and no title was to pass until he had done so. As against Smith, he could therefore acquire no complete homestead privilege in the engine and boiler, so long as that debt was unpaid. Their rights so stood when the second note was given, by which a lien upon this property was conferred upon Milner. This changed the form of the contract between Smith and McNeil from a conditional sale, and vested in the latter the title to the property incumbered with an express lien. This is true whether he was a married man and whether the engine and boiler were then attached to the land or not. For, his homestead right not having attached, but depending on the payment of this debt, it was entirely competent for the parties to make this change in the form of the transaction by which the debt was secured. The husband had ample power, even as against the wife, to so adjust the claim against the property, especially as the last arrangement was less onerous than the first had been. Clements v. Lacey, 51 Texas, 150; Harkey v. Cain, 69 Texas, 146.

So that, while the legal title may have passed to McNeil under this second transaction, it was charged, in the very act, with the lien to secure Milner's debt. The giving of the note and mortgage sued on simply put this debt and security in a different form.

As, however, the property was attached to the homestead at the time the mortgage was given, that instrument prima facie was not valid. In order to charge the lien on the property, it was necessary for plaintiff to go behind the mortgage and show facts to sustain the lien which did not arise from the mere execution of that instrument. Such facts should have been pleaded. As the homestead right was complete against creditors and liens generally, the defendant made out his defense prima facie when he showed that the mortgaged property was part of his homestead. Plaintiff did not rebut these facts, but undertook to show others in avoidance of them; that, while the exemption was good against ordinary debts and liens, as to him it was not good, because of an exceptional state of facts. This could not be done without appropriate pleadings. Willis & Bro. v. Hudson, 63 Texas, 682.

But none of the property was subject to the levy of the attachment.

If, notwithstanding the transaction between the parties subsequent to the sale by Smith to McNeil, the title of the other property still remained in the former, which is the most that can be claimed, but as to which we express no opinion, that fact would not render such property subject to attachment for the debts of McNeil due to third parties. McNeil could acquire the homestead right in such property, complete as against every creditor except Smith. The latter might have the right to resume the possession of the property, for noncompliance by Smith with the conditions on which his title depended, but no one else could subject it to a debt.

Milner's debt constituted no lien on the other property; and if it had, he would have had no right to take it by attachment. Low v. Tandy, 70 Texas, 748.

Nor had he the right to take the mortgaged property from McNeil's possession by attachment. Until the lien was foreclosed and the property sold, McNeil was entitled to hold it, unless it was taken from his possession by a different process from that pursued. As against the attachment, his homestead right was a complete defense. It therefore becomes unnecessary to determine whether or not the attachment was wrongfully sued out. If the ground for it existed, still the levy was unlawful, and entitles appellant to recover such damages as he may have sustained therefrom.

The statement of facts in the record is made out in violation of the rules, containing copies of many documents the substance of which should have been stated, and some of which are copied at length in other parts of the record. The cost of copying the statement of facts in the record is ordered to be adjudged against appellant.

*Reversed and remanded.*

Delivered June 14, 1894.