### D. C. G̲ALBRAITH v. F̲IRST S̲TATE B̲ANK & T̲RUST C̲OMPANY.

Decided December 1, 1910.

**1.—Lien—Creation by Parol.**

A lien on personal property may be created by an agreement not in writing; and an equitable lien is created by an agreement to give security.

**2.—Same—Homestead—Case Stated.**

A lien created by agreement, not in writing, to give security for money advanced to purchase machinery, on the property so purchased (an ice manufacturing plant) which was to be placed by the purchaser on lots constituting his homestead, was not defeated, as against the homestead exemption, by such machinery being subsequently placed on and becoming attached to the exempt realty, though the mortgage executed in pursuance of such agreement was given after the machinery was so attached.

**3.—Homestead—Value—Question of Fact.**

Evidence considered and held to support a finding that the urban homestead of defendant exceeded $5000 in value at the time he purchased other lots sought to be made subject to his debts, and that these did not become a part of his homestead.

Appeal from the District Court of Palo Pinto County. Tried below before Hon. W. J. Oxford.

*W. Percy Smith,* for appellant.—An equitable mortgage can not be

created by an agreement not in writing. Gay v. Hardeman, 31 Texas, 250; Lazarus v. Bank, 72 Texas, 356; Berkey & Gay Fur. Co. v. Sherman Hotel Co., 81 Texas, 135; Poarch v. Duncan, 41 Texas Civ. App., 275; Johnson v. Portwood, 34 S. W., 599, 89 Texas, 235; Hastings v. Kellog, 24 S. W., 846.

*E. B. Ritchie* and *Capps, Cantey, Hanger & Short,* for appellee.— Under the maxim that equity treats that as done which is agreed to be done, where one agrees to make some particular property a security for a debt or obligation, or to give a lien thereon, an equitable lien is thereby created upon the property so indicated. 1 Jones Mortgs., sec. 163; 3 Pomeroy's Eq. Jur., sec. 1235; Taylor v. Huck, 65 Texas, 239; Harkey v. Cain, 69 Texas, 146; Hicks v. Morris, 57 Texas, 658; Parks v. O'Connor, 70 Texas, 385; McNeill v. Moore, 7 Texas Civ. App., 536; Gardner v. Bank, 118 S. W., 1146; Bell v. Pelt, 11 S. W. (Ark.), 684; King v. Williams, 50 S. W. (Ark.), 695; Barnard, etc. Co. v. Smith (Ark.), 92 S. W., 858; Lee v. Lee's Admr. (Ky.), 99 S. W., 307; Cinn., etc. Co. v. Trustee (Ky.), 78 S. W., 413; Davis v. Childers, 22 S. E., 784; Sprague v. Cochran, 38 N. E., 1000.

In case of chattels, or where the statute of frauds does not apply, a verbal agreement is as effectual as a written agreement; and hence a verbal agreement to give a mortgage upon designated property is held to create an equitable lien in favor of the promisee. Same authorities. Also: Cobbey on Chatt. Mortgs., vol. 1, secs. 13-16; Jones on Chatt. Mortgs., secs. 2-3; Crews v. Harlen, 99 Texas, 93.

The agreement by appellant to give to appellee a lien upon the machinery in question was made prior to the time such machinery was installed in the building constituting a part of appellants' homestead, and when such machinery was personal property; and same as between the parties never became a part of appellants' homestead. Capp v. Swift, 26 S. W., 439; Willis & Bro. v. Munger, etc. Co., 13 Texas Civ. App., 677; Mundine v. Pauls, 28 Texas Civ. App., 46; Harkey v. Cain, 69 Texas, 146; San Antonio, etc. Ass'n v. Mfg. Co., 81 Texas, 99; McNeil v. Moore, 27 S. W., 164, 7 Texas Civ. App., 536; Ice, etc. Co. v. Lone Star, etc. Works, 41 S. W., 836, 15 Texas Civ. App., 694.

WILLSON, CHIEF JUSTICE.—So far as it is necessary to state them in order to understand the questions made on this appeal and the rulings of this court thereupon, the facts found by the trial court were as follows: In December, 1901, when he acquired title to Subdivision G of Lot 4, in Block 5, of the Wiggins Addition to Mineral Wells, appellant owned and used as his homestead Block 19 in said addition, then of the value, without reference to improvements thereon, of a sum in excess of $5000. From time to time during the period intervening between December 1, 1906, and June 30, 1907, appellant purchased, and during the period intervening between said month of December and the 10th or 15th day of September, 1907, placed in position on the north half of said Block 19, so as to be removable without injury to the freehold thereof,

an ice manufacturing plant, consisting of an engine, boilers, condensers, compressors, etc. About December 1, 1906, appellant borrowed of appellee $10,000, and a short time thereafterwards borrowed of it about $16,000, which he stated to appellee he intended to use, and which, as he purchased same, he did use, in paying for the machinery constituting said ice manufacturing plant. At the time the last mentioned loan was made to him appellant agreed, for the purpose of securing the repayment of the same, to give to appellee a lien or mortgage on all of said machinery. The loan was made by appellee on the faith of and in reliance upon that agreement. July 5, 1907, appellant attempted to comply with his agreement by making and delivering to appellee a mortgage on said machinery and on said north half of Block 19.

The suit was by appellee to recover a balance (which the court found to be the sum of $12,295.83) unpaid of the sums so loaned to appellant, to foreclose a lien it claimed on said machinery to secure same, by reason of appellant's said verbal agreement to give it a lien or mortgage on said machinery and the mortgage he afterwards executed in an attempt to comply with his agreement, and to foreclose an attachment lien it claimed to have acquired on said Subdivision G of Lot 4, in Block 5, and other property.

On the facts as found by him the trial court concluded as matters of law that Block 19 during all the time of the dealings between the parties was appellant's homestead; that said Sudivision G of Lot 4, in Block 5, was never a part of appellant's homestead; that as between appellant and appellee, because of the former's verbal agreement to give the latter a lien or mortgage on said machinery and his attempt by the execution of the mortgage of July 5, 1907, to comply therewith, said machinery, though afterwards affixed to the land, remained personalty, never became a part of appellant's homestead, and that as personalty appellee had an equitable lien thereon which it was entitled to have foreclosed and said machinery sold for the purpose of satisfying said indebtedness in its favor. The judgment of the court was in accordance with such conclusions.

The findings of fact by the trial court that the money loaned by appellee to appellant was borrowed by the latter for the purpose, avowedly, of purchasing and paying for the machinery; that it was so used by appellant; that appellant agreed at the time he borrowed it to give to appellee "a lien or mortgage," quoting the language of the court, "upon all of said machinery which he was then purchasing to secure it for such money"; that on the faith of the promise so made by appellant appellee loaned him the money; and that appellant afterwards by a mortgage executed by him attempted to comply with his promise, are not attacked by any of the assignments in appellant's brief. But the assignments do question the correctness of the conclusion as to the law reached by the court that by reason of the facts so found appellee had a lien on the machinery. The contention is that even as between the parties thereto a verbal agreement to give it can not create a lien on personal property. Of the several cases cited in appellant's

brief as supporting his contention, all of them, except Gay v. Hardeman, 31 Texas, 250, are clearly distinguishable from this one, and we think are of no value in determining the question before us. The case specified (Gay v. Hardeman) supports the contention made. There the purchaser of machinery, to whom possession thereof was delivered, verbally agreed to give the seller a lien on the machinery to secure the payment of a note representing the purchase price of same. The Supreme Court held that the agreement, because it was not in writing, did not create a lien in favor of the seller. The conclusion reached by the court in that case, however, has not been accepted as settling the question it so determined. On the contrary, that court, as late as 1905, regarded the question as an open one in this State, and, so far as we are advised, has never since settled it. Crews v. Harlan, 99 Texas, 93, 87 S. W., 658. We see no reason why, as between the parties to it, such an agreement should be held to be invalid. That, when based on a sufficient consideration, as between such parties, it is valid and creates an equitable lien on property it is intended to apply to, when same is sufficiently described, is well established in other jurisdictions. Reiss v. Argubright, 92 N. W., 989; Reynolds v. Fitzpatrick, 57 Pac., 455; Mower v. McCarthy, 64 Atl., 579; Bridgeport. E. & Ice Co. v. Meader, 72 Fed., 118; Brown v. Coats, 56 Ala., 439; Bates v. Wiggin, 1 Am. St., 234; Glover v. McGilvray, 63 Ala., 508; Davis v. Childers, 22 S. E., 784; 6 Cyc., 989, 995; 5 Am. & Eng. Ency. Law, 954; 19 Am. & Eng. Ency. Law, 12 et seq.; 3 Pomeroy's Eq., secs. 1235 to 1237. And there are decisions by the courts of this State which, with more or less directness, recognize the validity of such a contract. Perkins v. Frank, 64 S. W., 236; Parks v. O'Connor, 70 Texas, 385; Texas W. Ry. Co. v. Gentry, 69 Texas, 625; Harkey v. Cain, 69 Texas, 146, 6 S. W., 637; Crews v. Harlan, 99 Texas, 93, 88 S. W., 411; Gardner v. Bank, 118 S. W., 1146; and see authorities cited in Simkins' Eq., p. 213 et seq. We think the lien the trial court found the parties to the transaction intended to create on the machinery should not, as between the parties to the agreement, be held to be invalid merely because the agreement was not in writing. Therefore, we overrule appellant's contention to the contrary.

The trial court found that at the time the agreement to give a lien on the machinery was made by appellant, same, "with the exception possibly of the boiler, had not been erected on said Block 19 or put in completed position for the making of ice." If, therefore, the lien was a valid one, as we think it was, it became operative as against the machinery before same had become a part of appellant's homestead, and its continued operation could not be held to have been defeated by reason of the fact that the machinery may afterwards have been so attached to the homestead as otherwise thereby to have become a part of same. Harkey v. Cain, 69 Texas, 146, 6 S. W., 637; Willis & Bro. v. Munger I. C. M. Mfg. Co., 13 Texas Civ. App., 677, 36 S. W., 1010; McNeil v. Moore, 7 Texas Civ. App., 536, 27 S. W., 163.

We conclude that the judgment in so far as it foreclosed a lien claimed by appellee on the machinery is not erroneous.

The further contention is made that the judgment is erroneous in so far as it foreclosed the attachment lien on Subdivision G of Lot 4; in Block 5 of the Wiggins' Addition, because same was a part of appellant's homestead. This contention is based upon another one, towit, that the trial court's finding as a fact that Block 19, constituting appellant's homestead at the time he acquired title to said Subdivision G, without reference to improvements thereon, was worth a sum exceeding $5000, is not supported by, but is contrary to, the testimony in the record. The contention must be overruled. The witnesses Ritchie, McCraken and Raines each testified that Block 19 at that time was worth more than the sum of $5000. The fact that other witnesses testified that it was then worth less than that sum is not a reason why this court should reverse the judgment. It was the province of the trial court, a jury having been waived, to determine the conflict in the evidence, and his determination of it is as conclusive on this court as would be the finding of a jury in a case where the testimony was conflicting.

The judgment is affirmed.                                    *Affirmed.*

Writ of error refused.