ARMSTRONG v. MISSION INDEPENDENT SCHOOL DIST. et al. (No. 5856.)

(Court of Civil Appeals of Texas. San Antonio. May 9, 1917. Rehearing Denied June 6, 1917.)

1. TAXATION ⊜145—PERSONAL PROPERTY.
　　Property consisting of improvements placed on the land of a railroad by a lessee with an agreement that it was for the use of the lessee and could be removed was personal property.
　　[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 252, 253.]

2. TAXATION ⊜145—TAXATION OF REALTY—FIXTURES.
　　Where improvements placed on a railroad's right of way became realty, it could only be taxed as the property of the railroad not as the property of the railroad's lessee, which placed it.
　　[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 252, 253.]

3. MUNICIPAL CORPORATIONS ⊜975 — TAXATION OF PERSONALTY—LIEN—STATUTE.
　　By Vernon's Sayles' Ann. Civ. St. 1914, art. 958, providing that all taxes shall be a lien on the property on which they are assessed, the Legislature made taxes assessed by the proper officers of towns and cities, a lien upon personalty within the town or city, similar to the lien for taxes on realty given by Const. art. 8, § 15.
　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2022, 2087–2091.]

4. SCHOOLS AND SCHOOL DISTRICTS ⊜104 — LIEN ON PERSONALTY—INDEPENDENT SCHOOL DISTRICT—STATUTES.
　　Vernon's Sayles' Ann. Civ. St. 1914, arts. 2853 and 2861, did not make applicable to independent school districts that part of article 958 making taxes levied and assessed by cities and towns a lien on the personal property against which the tax is assessed.
　　[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 246.]

5. TAXATION ⊜576—NONPAYMENT—SEIZURE OF PROPERTY—STATUTE.
　　Vernon's Sayles' Ann. Civ. St. 1914, art. 7627, conferring power to seize personal property, subject to a lien for unpaid taxes, in the hands of an assignee for the benefit of creditors, etc., does not authorize seizure of personalty sold to a bona fide purchaser after a delivery to him.
　　[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1155–1163.]

6. TAXATION ⊜507, 573½—LIEN ON PERSONALTY—PERSONAL OBLIGATION OF PURCHASER.
　　Taxes assessed against a cotton oil company on its personalty by an independent school district were not a lien on the personalty and not a personal obligation against the purchaser of the personalty in good faith at sale under a trust deed.
　　[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 937–941, 1145, 1146.]

7. TAXATION ⊜541 — PAYMENT UNDER PROTEST—RECOVERY.
　　Involuntary payment of an independent school district's taxes on personalty, by the purchaser thereof in good faith at sale under a deed of trust, after the property had been seized by the district, did not prevent the purchaser from recovering the taxes before the money paid by him under protest and duress was disbursed by the collector.
　　[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1002.]

Appeal from Hidalgo County Court; W. H. Gossage, Judge.

Suit by George W. Armstrong against the Mission Independent School District and another. From a judgment for defendants in plaintiff's suit and their cross-action, plaintiff appeals. Reversed and rendered.

Geo. P. Brown, of Laredo, for appellant. H. F. Bishop, of Mission, for appellees.

SWEARINGEN, J. George W. Armstrong, the appellant, sued the Mission independent school district and P. W. Barron, tax collector, appellees, to recover $405.60, paid under protest by appellant for taxes for the years 1912 and 1913, due by the Mission Cotton Oil Company, a corporation. Appellees, by cross-action, sued for $150 for taxes for 1914, for which amount appellant gave a statutory bond. The cause was submitted as an agreed case, authorized by article 1949, V. S. C. St., in the form approved by the Supreme Court in Scott v. Slaughter, 97 Tex. 244, 77 S. W. 950. Judgment was rendered by the court against appellant that he take nothing by his suit for the $405.60 and in favor of appellees on their cross-action for the $150.

The agreed facts are as follows:

"First. During the years 1912, and 1913, and up to January 6, 1914, the Mission Cotton Oil Company was a Texas corporation, located at Mission, Hidalgo county, Tex., and was the owner of certain houses, buildings, machinery consisting of a cotton oil mill, machinery, warehouse, and gin situated on the land belonging to the St Louis, Brownsville & Mexico Railway Company, which land was leased by the Mission Cotton Oil Company from said railway company, and that said property was located in the Mission independent school district.

"Second. That during the years aforesaid, the Mission independent school district was and still is a de jure school district under the laws of the state of Texas, having for its officers Charles W. Volz as president, and P. W. Barron as tax assessor and tax collector.

"Third. That said property was assessed for taxes on account of the said Mission independent school district during the years 1912 and 1913 and 1914 in the name of the Mission Cotton Oil Company, and that the levy and assessment of said taxes for the said years was in all things regular, legal, and valid.

"Fourth. That the amount of taxes so levied and assessed against the Mission Cotton Oil Company for the years 1912 and 1913, including interests and penalties, and paid under protest by the plaintiff, George W. Armstrong, is $405.60.

"Fifth. That the amount of the taxes levied and assessed against the Mission Cotton Oil Company for the year 1914 and for the security and payment of which George W. Armstrong gave his bond hereinafter admitted as evidence,

and impleaded in defendant's cross-petition, is the sum of $150. That on the 6th day of January, A. D. 1914, the First National Bank of Brownsville offered for sale and sold all the aforesaid property at a trustee's sale under the provisions and terms of a trust deed, which had been executed and delivered to it by the Mission Cotton Oil Company; and the plaintiff herein, Geo. W. Armstrong, who was a stockholder in the Mission Cotton Oil Company, purchased all of said above-described property at said trustee's sale, and by so doing became the owner and holder of all the assets of the Mission Cotton Oil Company.

"Sixth. That after the purchase of said buildings at said sale by Geo. W. Armstrong, and after said taxes for 1912 and 1913 were due and became delinquent and remained unpaid, after demand for payment, P. W. Barron, tax collector for the said Mission independent school district, levied upon the two east buildings of said property, one being a warehouse and the other being the oil mill proper, for the due and delinquent taxes so assessed against the Mission Cotton Oil Company for the years 1912 and 1913, and to secure the statutory security and bond for the payment of assessed taxes for the year 1914, and advertised the same to be sold for said delinquent taxes in accordance with law.

. "Seventh. That the said Geo. W. Armstrong being then the owner of said property, and at the time engaged in dismantling said mill, preparatory to moving the same out of the district and county, and being anxious to continue with the work thus begun, and before the sale of said property under the tax levy paid under protest the aforesaid delinquent taxes amounting to the sum of $405.60 and gave bond for the payment when due of the 1914 assessed taxes, if the same should be a charge upon plaintiff, and due notice of said payment under protest was given to P. W. Barron, tax collector as aforesaid. That the land on which said property is situated has been at all times and still is the property of the St. Louis, Brownsville & Mexico Railway Company, and was not included in the deed of trust above referred to, nor in the sale to Geo. W. Armstrong, nor in the assessment of taxes above referred to, further than the rights and privileges of the Mission Cotton Oil Company in and to said land by reason of its lease with the said St. Louis, Brownsville & Mexico Railway Company before mentioned.

"Eighth. That the amount of the taxes for the years of 1912 and 1913 in the sum of $405.60 so paid under protest is still held by P. W. Barron, as tax collector for said Mission independent school district, or he has paid the same over to said district, and no part of the same has been returned to Geo. W. Armstrong. That, at the time of said levy and advertisement for sale, plaintiff owned other property in said district sufficient to pay all of said tax.

"Ninth. That the amount of the taxes for the year 1914 assessed against the Mission Cotton Oil Company and in favor of the Mission independent school district and not due at the time of the levy, and for the security and payment of which when due the said bond of Geo. W. Armstrong and his sureties was taken in favor of the tax collector, P. W. Barron, is the sum of $150, and that no part of said tax has been paid, and the tax it secured is delinquent, and the said bond is hereby admitted as a part of the evidence in this cause, and a copy of same is hereto attached."

The first assignment of error is as follows:

"The court erred in rendering judgment against the plaintiff both on his cause of action and on defendants' cross-action, for said judgment is contrary to the law and the evidence for the following reasons, and in the following particulars:

"(1) The evidence shows that the property on which the taxes are sought to be collected in the suit is personal property, and the general law does not create a lien on personal property for taxes.

"(2) The evidence shows that plaintiff purchased said personal property after taxes on the same had been assessed, and a part of said tax had become delinquent, and before said property was levied upon by the tax collector of said district to be sold for taxes. That therefore in law plaintiff purchased said property without notice of any tax lien and is an innocent purchaser for value without notice.

"(3) That all taxes in this suit were assessed in the name of the Mission Cotton Oil Company, and are the personal obligation of said company, which was the owner of said property at the time of assessment and which alone is responsible for the payment of said taxes.

"(4) That, though the law may provide for a lien on personal property to secure the payment of taxes, none of the facts of this case bring said property under such rule of law, and such a lien could not exist as against a purchaser of said property after the assessment of such tax, for the reason that personal property is not necessarily transferred by an intrument of record, and the purchaser could not determine by the record whether taxes on specific personal property had been paid or not, so that, while a lien might exist against the person in whose name said tax was assessed, it would not exist as against a subsequent purchaser without notice.

"(5) By this judgment Geo. W. Armstrong is bound to pay the debt or tax of another, which he in no manner has obligated himself to pay nor assumed to pay.

"(6) The levy and advertisement for sale of plaintiff's property could not and did not create any lien thereon in favor of defendants for the taxes claimed to be due and owing or to become due and owing to defendants by the Mission Cotton Oil Company.

"(7) If it should be held that the plaintiff, Geo. W. Armstrong, owes said taxes, then the tax collector had no right to levy on said property about to be removed, for the facts show that the said Armstrong still had sufficient property in said district to pay all such tax.

"(8) The law nowhere gives independent school districts a lien on personal property to secure the payment of taxes assessed thereon, though it may provide a method of fixing such a lien; but the facts of this case show no condition arising where such a lien could be fixed and that no lien was in fact ever fixed on said property to secure said tax."

[1] The property seized for the taxes of the Mission Oil Company was personal property and not real estate, because it consisted of improvements placed upon the land of a railroad company by a lessee with an agreement that it was for the use of the lessee and with the further agreement that it could be removed. V. S. C. S. 7505; Wright v. Macdonnell, 88 Tex. 140, 30 S. W. 907; Harkey v. Cain, 69 Tex. 146, 6 S. W. 637; Moody v. Aiken, 50 Tex. 65.

[2] If it were not personal property and were real estate, it could not have been taxed as the property of the Mission Cotton Oil Company, but as the property of the railroad company that owned the land to which the improvements were affixed.

[3] Article 958, V. S. C. St., provides that "all taxes shall be a lien upon the property upon which they are assessed," and by this statute the Legislature made taxes, levied and assessed by the proper officers of towns and cities incorporated under the general

law, a lien upon personal property within the town or city so incorporated similar to the lien for taxes on landed property given by the Constitution, art. 8, § 15. The Constitution creates the lien for taxes on landed property. Article 958 creates a lien on personal property in favor of cities and towns. There is no statute that expressly makes the taxes levied and assessed by independent school districts a lien on personal property within the school district, and there is no statute which makes article 958 include independent school districts. To make the taxes levied and assessed by independent school districts a lien upon personal property, there must be a clear, definite legislative act, for there is no constitutional or general statute to that effect.

[4] Articles 2853 and 2861 do not, directly or inferentially, make applicable to independent school districts that part of article 958 which makes the taxes levied and assessed by cities and towns a lien on personal property against which the tax is assessed.

[5] The statute, article 7627, treating of taxation in general, may possibly be applicable to independent school districts; but that statute, if available, cannot authorize the seizure of the personal property under the facts of the case at bar. That article (7627) confers power to seize the personal property in the hands of an assignee for the benefit of creditors, in the hands of a sheriff who holds it by virtue of an attachment or other writ, or in the hands of an administrator or other representative of a decedent. Under such circumstances, the claim for unpaid taxes is declared to be a first lien, and, if not paid, the personal property can be seized and sold. In each of the cases enumerated in the last-mentioned article 7627, the legal title is in the assignee, sheriff, or representative for the purpose of paying debts, after which the remainder is to be delivered to the taxpayer or his estate. In the case at bar, the personal property was sold to a bona fide purchaser and had been delivered to him. When seized for taxes due by the Mission Cotton Oil Company, the personal property was not in the hands of an assignee for the benefit of creditors, nor in the hands of a sheriff, nor in the hands of an administrator or other legal representative of a decedent. It was in the possession of a bona fide purchaser who owned it. Hence the facts here do not bring this case within the purview of that statute (7627), even if it were available to independent school districts.

Associate Justice Bookhout, in the case of People's National Bank v. City of Ennis, 50 S. W. 632, held that article 7627 was not made to apply to cities and towns, consequently independent school districts by article, then numbered 5198, under chapter 4, tit. 104, upon the subject of taxation. But since that opinion the article 5198 has been slightly changed and has been transposed to the present chapter 7, tit. 22, subject, Cities and Towns, and is numbered now 961. It may be that the change in and the transposition of the article destroys the force of the opinion mentioned. However, the determination of that question is not necessary to our decision in the case at bar.

[6, 7] The taxes assessed against the Mission Cotton Oil Company on the personal property involved herein, by the Mission independent school district, was not a lien upon that personal property and was not a personal obligation against the appellant. Neither did the involuntary payment of the taxes by appellant after the property had been seized by the appellees prevent appellant recovering same before the money so paid under protest and duress was disbursed by the collector. Galveston County v. Gorham, 49 Tex. 279.

We conclude that the agreed facts of this case show that appellees had no lawful authority to seize the property involved, and have no right to hold the money paid under protest and duress by appellant, and have no authority to enforce the payment of the bond required of appellant for the 1914 taxes assessed against the Mission Cotton Oil Company.

The assignment is sustained.

The judgment upon the cause of action and the cross-action is reversed, and here rendered in favor of appellant.

Reversed and rendered.