## McALLEN CAFÉ v. CHRIS AUTOMATIC DISHWASHER CO.   (No. 688.)

Court of Civil Appeals of Texas. Waco.
Sept. 27, 1928.

754

R. M. Bounds, of McAllen, and Trippet, Richey & Sheehy, of Waco, for appellant.

Spell, Naman & Penland, of Waco, for appellee.

STANFORD, J. This suit was filed by appellee, a partnership, naming its partners, residents of McLennan county, Tex., against appellant, a partnership, whose partners are set out, all residents of Hidalgo county, Tex., for the recovery of about $850, together with a foreclosure of an equitable lien on an automatic dishwasher located in McLennan county, Tex. Appellants, as defendants, filed a plea of privilege in due time to be sued in Hidalgo county. Appellees, plaintiffs below, controverted said plea of privilege, and, on the trial of the issues thus made, the court overruled said plea, from which order appellants have duly appealed, and present the record for review upon two propositions, which are, in substance, as follows: That appellees never had any cause of action for debt, but, if they had any cause of action at all, it was for breach of contract, and that there was no evidence of any lien on the property situated in McLennan county, and also that, if there was a completed sale of the machine by appellees to appellants, such sale was rescinded by its being returned to, and accepted by, appellees, etc. The controverting affidavit relied upon by appellees to hold venue in McLennan county alleged:

"This is a suit for debt and for foreclosure of an equitable lien upon certain personal property situated in McLennan county, Tex., the county in which this suit is brought; that said property was at the time of the institution of this suit and is now located in said county of McLennan, state of Texas."

If the evidence was sufficient to support the above allegations of the affidavit, then the venue was properly held to be in McLennan county. Article 1995, § 12, Revised Statutes.

■ The evidence was sufficient to authorize the trial court to find, and it is the duty of this court in support of the judgment to presume the trial court did find, that the appellants bought an automatic dishwasher from appellees for $850, with the agreement that appellants would try same for 30 days, and, if found satisfactory, to then pay $250 cash on same and to execute a note and mortgage on the machine for the balance; that, if found unsatisfactory after the 30 days' trial, they would deliver same to the selling agent at McAllen, to be shipped back to appellees at Waco; that appellees, under this agreement, shipped said machine to appellants, and sent them the blank notes and mortgage to be signed in case they were satisfied after the 30 days' trial. After the expiration of the 30 days' trial, the selling agent called upon appellants to accept or reject said machine, and appellants then expressed their entire satisfaction with the machine, and agreed to make the cash payment to appellees direct, and to sign and send in to appellees the notes and mortgage, because appellants, as they contended, were too busy at that moment to attend to it. Before the machine was shipped to appellants, they agreed that appellees would hold a mortgage on the machine until it was paid for. Three or four months after the expiration of the 30 days' trial, and their approval of said machine, appellants, without the knowledge or consent of appellees, or their agent, shipped said machine back to appellees at Waco, and same was by appellees placed in storage in Waco as appellants' property, subject to their order.

■■ Of course, there was evidence to the contrary, but there was ample evidence to authorize the trial court to find the facts as above stated. The court was correct in holding appellees' suit was one for debt, and that said debt was secured by an equitable lien on the machine situated in McLennan county, Perkins et al. v. Frank (Tex. Civ. App.) 64 S. W. 236; Galbraith v. First State Bank & Trust Co., 63 Tex. Civ. App. 179, 133 S. W. 300; and that such equitable lien could be enforced in the county where the property is situated, Houston National Exchange Bank v. De Blanc (Tex. Civ. App.) 247 S. W. 897.

We overrule appellants' propositions, and affirm the judgment of the trial court.