## S. B. and J. M. McJunkin v. J. A. Dupree.

1. Injunction—Fixtures.—Implements of agriculture, such as a cotton gin and press and grist mill, that can be detached without injury to the freehold, do not become part of it so as to prevent one who has the temporary use, or limited right to the land on which they are used, from removing them at pleasure.
2. Same.—A holder of a vendor's lien on land, has no lien upon such implements placed upon the plantation by his vendee, and cannot obtain an injunction prohibiting their removal by purchasers from the vendee.

Appeal from San Jacinto.   Tried below before the Hon. J. R. Burnett.

*Walton, Green & Hill,* for appellants.

No brief for appellee has reached reporters.

Roberts, Chief Justice.—This is a suit brought by Dupree against John S. McJunkin upon notes and to enforce a vendor's lien, and to enjoin the defendant and all other persons from removing from the land pending the suit a gin stand, a grist-mill stand, and an iron-screw cotton press, all being on the place at the time the suit was brought.

The defendant, among other things not necessary to be noticed, pleaded that these articles were not so attached as to become part of the realty, and that they belonged to his two sons, S. B. and J. M. McJunkin, who intervened in the suit, one of whom claimed the gin and mill stands and the other the cotton press.

The case being submitted to the court, a judgment was rendered for the plaintiffs for the money on the notes, for the enforcement of the vendor's lien, and also for a perpetual injunction against the removal of those articles from the land.   All of the losing parties gave notice of appeal, which was perfected alone by the two sons, the intervenors.

The evidence showed that these articles were not on the land and sold with it by Dupree to John S. McJunkin, but were placed there and used in connection with farming business after the purchase of said land. It was shown that in their use in the gin house they were not so attached as that their removal would injure the freehold. As between the father and two sons, the latter were acknowledged to be the owners of them. If they ever belonged to the father, and he had the right to sever them from their connection with the realty and dispose of them at pleasure, they were not the proper subject of an injunction to restrain him from doing so, and Dupree had no lien upon them which would enable him to dispute their ownership of them, admitted by their father, as he might have done in another proceeding if he had obtained his judgment and had them levied on as the property of the father, John S. McJunkin.

Although the father has not appealed, Dupree, to maintain his judgment as against the sons, must show that these articles belong to the realty, so as to give him a lien upon them as part of the realty; otherwise he has no interest or right to dispute their ownership by the sons, as admitted by the father.

The only question, therefore, necessary to be considered in the case is, whether these articles are a portion of the realty so that they cannot be on the place as they are and belong to the sons, as admitted by the father.

The general rule is, that implements of agriculture, such as these, that can be detached without injury to the freehold, do not become part of it so as to prevent one who has a temporary use or limited right to the land on which they are used from removing them at pleasure. (Cole v. Roach, 37 Tex., 413, and the authorities cited.)

We are of opinion, therefore, that the decree of the court perpetuating the injunction, preventing the intervenors from removing the articles mentioned, to wit, the gin and mill

stands and cotton-press, is erroneous, for which the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.