P. J. WILLIS & BROTHER V. MUNGER IMPROVED COTTON MACHINE
MANUFACTURING CO. ET AL.

### Delivered May 2, 1896.

**1.  Fixtures—Mill Machinery—Right of Removal—Chattel Mortgage.**

  Machinery for the operation of a gin and mill, such as gin stands, presses, shafting and pulleys, etc., which is not permanently attached to the building, but may be removed without injury to the realty, is subject to removal under a chattel mortgage given for its purchase price and reciting that it should be considered as chattels until paid for.

**2.  Same—Prior Vendor's Lien as Attaching Against.**

  Such mill machinery, being capable of removal without injury to the realty, did not become subject to a prior vendor's lien on the mill building and lot, although placed and used in the mill without the knowledge of the holder of such vendor's lien.

**3.  Same—Reformation of Chattel Mortgage—Mutual Mistake.**

  It was proper, in an action to foreclose a chattel mortgage on machinery placed in a gin and mill, to reform the mortgage so as to include an article omitted therefrom by mutual mistake; and the holder of a prior vendor's lien on the mill building and lot had no right to resist such correction and the enforcement of the mortgage as corrected.

APPEAL from Dallas.   Tried below before Hon. R. E. BURKE.

*Morris & Crow,* for appellants.—1.   When the article annexed is an accessory necessary to the enjoyment of the freehold, and was erected for the benefit or the inheritance and as an addition thereto, it becomes a fixture which partakes so much of the realty that its ownership rests with the fee to the land, and it is not subject to removal except by consent.   Hutchins v. Masterson, 46 Texas, 554; Moody v. Aiken, 50 Texas, 65; Willis v. Morris, 66 Texas, 628; Keating v. Marshall, 74 Texas, 605; Jones v. Bull, 85 Texas, 136; Menger v. Ward, 28 S. W. Rep., 821; Simpson v. Masterson, 31 S. W. Rep., 419.

  2.   The court erred in foreclosing plaintiff's mortgage lien on the double box press, since it became a fixture on the lot of land on which Willis & Bro. held a vendor's lien, and no chattel lien on same was ever executed or registered.   A chattel mortgage lien not accompanied by an immediate delivery and followed by an actual and continued change of possession of the property mortgaged, is absolutely void as against creditors of the mortgagor, and subsequent purchasers and mortgagees or lienholders in good faith, unless duly registered as required by law in the county where the property is situate or the mortgagor resides.   Brothers v. Mundell, 60 Texas, 240; Key v. Brown, 67 Texas, 300; Overstreet v. Manning, 67 Texas, 657; Freiberg v. Magale, 70

Texas, 116; Furniture Co. v. Hotel Co., 81 Texas, 135; Harling v. Creech, 31 S. W. Rep., 357; Hoyt v. Weiss, 32 S. W. Rep., 86.

*Coke & Coke*, for appellees.—1. The machinery had not become a part of the realty upon which Willis & Bro. held a vendor's lien, as against the chattel mortgage of Munger Company, because said machinery was not actually or constructively annexed to the realty, and because the intention of Hildebrandt & Bohne, the purchasers of the machinery, and said Munger Company, sellers thereof, was that the same should remain chattel in character, as evidenced by the chattel mortgage executed and delivered. There must be actual or constructive annexation. Hutchins v. Masterson, 46 Texas, 554; Ewell of Fixtures, 21. Intention with which annexation is made governs. Hutchins v. Masterson, supra; Menger v. Ward, 28 S. W. Rep., 824. Execution of chattel mortgage evidences intention that machinery should remain personalty. Binkley v. Forkner, 19 N. E. Rep., 755; Eaves v. Estes, 10 Kan., 314; Tift v. Horton, 53 N. Y., 377.

2. If a mortgagor annexes chattels to his land, the rights of the mortgagee are not affected, and he may still treat property as personalty. Harkey v. Cain, 69 Texas, 150; Brewing Assn. v. Ice Machine Company, 81 Texas, 103.

3. A holder of a prior vendor's lien on the mortgagor's land stands in no better position, when said personalty can be removed without damage. McJunkin v. Dupree, 44 Texas, 500; Campbell v. Roddy, 14 Atl. Rep., 279; Binkley v. Forkner, 19 N. E. Rep., 755; Crippen v. Morrison, 13 Mich., 24.

4. The court did not err in reforming appellee's mortgage so as to include the "double box press" and as reformed foreclosing it, because, as hereinbefore shown, the press had never become a fixture to the real estate, and could be removed without injuring in the least the security of Willis & Bro. as it existed when the vendor's lien notes were acquired, and the fact that said press was not originally included in the chattel mortgage is wholly immaterial, the rights of no one being prejudiced by such omission. See, upon reformation, 2 Beach Mod. Eq. Jur., secs. 538, et seq.; 1 Jones on Mortgages, sec. 97.

FINLEY, Associate Justice.—Appellants' statement of the nature of the suit and the facts established upon the trial is substantially correct, and is here adopted: February 20, 1895, the Munger Improved Cotton Machine Manufacturing Company, plaintiff and appellee, filed this suit in the District Court of Dallas County, Texas, against A. Hildebrandt and H. Bohne, defendants, on certain promissory notes, dated March 30, 1893, executed by them to plaintiff for the purchase money of certain machinery sold by plaintiff to said defendant, and foreclosure of mortgage lien of date March 30, 1893, was asked for on said machinery against said defendants, and against P. J. Willis & Bro., also made defendants, and alleged to set up some claim (unknown to

plaintiff) to said property. A double box press was alleged to have been by mutual mistake omitted from said written mortgage, and the court was asked to reform the mortgage so as to include it and grant foreclosure thereon. Hildebrandt & Bohne were duly cited, but filed no answer.

P. J. Willis & Bro. filed answer March 4, 1895, and amended answer May 16, 1895, wherein they set up general demurrer, general denial, and specially, that about December 13, 1892, M. Hausman conveyed to Hildebrandt & Bohne, defendants, one acre of land on the L. M. Mason survey in the town of Myersville, DeWitt County, Texas, known as their gin and mill property, and took in payment three notes of $500 each, reserving a vendor's lien on said land to secure their payment, and said Hausman, of even date therewith for a valuable consideration to him paid, sold and transferred said notes to appellant. That in March, 1893, plaintiff sold Hildebrandt & Bohne the machinery on which foreclosure is sought in this action, and it was at once moved on said lot of land and became fixtures thereon and part of the realty. That at that time appellant did not know said machinery was moved thereon, and did not consent thereto or that it might remain chattels subject to removal until paid for. That in the fall of 1894 appellant brought suit against Hildebrandt & Bohne in the District Court of DeWitt County on said vendor's lien notes, and December 18, 1894, obtained judgment for the amount of same with foreclosure of its vendor's lien on said lot of land—said machinery still situate thereon as fixtures. That order of sale was issued on said judgment and at a sale of said lot of land thereunder by the sheriff as under execution on the first Tuesday in April, 1895, appellant became the purchaser, and is now the owner and in possession of said lot of land and all said machinery still situate thereon.

May 16, 1895, the cause was tried before the court, and plaintiff recovered judgment against A. Hildebrandt and H. Bohne for its debt, $1157.66, with judgment reforming said mortgage so as to include one double box press, and as reformed foreclosing said mortgage lien against all the defendants on all said property.

At the trial there was no conflict in the evidence, and the facts as agreed to and proven were as follows: The Munger Machine Co., appellee, read in evidence its notes and mortgage executed by Hildebrandt & Bohne, dated March 30, 1893, and established their debt and lien as alleged against Hildebrandt & Bohne. Said mortgage was registered in DeWitt County, Texas, May 13, 1893.

P. J. Willis & Bro., appellants, read agreed statement of their evidence, which with the testimony of Hildebrandt established the following facts: December 13, 1892, M. Hausman by his deed conveyed to Hildebrandt & Bohne the real estate, one acre of ground in Myersville, on which the machinery in controversy was afterward located, and three notes of $500 each were given to secure the purchase money of said lot of land, and a vendor's lien was reserved to secure their pay-

ment, which notes M. Hausman at once assigned to P. J. Willis & Bro., who in the fall of 1894 sued Hildebrandt & Bohne thereon in the District Court of DeWitt County, and December 18, 1894, obtained judgment thereon for $2100 foreclosing their vendor's lien, and afterward order of sale was issued thereon and said lot of land and all fixtures thereon were sold thereunder by the sheriff of said county the first Tuesday in April, 1895, at which sale P. J. Willis & Bro., for $1000 bid, became the purchaser. That in December, 1892, said acre of ground had on it a two-story frame house with gin and mill machinery, and had long been in use as a gin and mill house, and in the spring of 1893, such machinery becoming old, Hildebrandt & Bohne bought said new machinery on which foreclosure is sought herein and placed it on said lot of land and displaced the old machinery, and appellant had no notice of this until the fall of 1894, when it filed suit to foreclose its vendor's lien.

The two new gin stands bought were placed on the floor of the second story of the house on said lot, but were not fastened to same, and have since been in use ginning cotton, and all said new machinery has occupied its appropriate place in said house and been in use, but none of it has been fastened to the building except the shafting and pulleys which have remained screwed and nailed thereto.

The double box press was bought at the same time with said other new machinery and was intended to be included in the Munger Company's mortgage, but through oversight and mistake was left out, and this mistake was not discovered until this suit was filed. This press was set down on the ground through a hole in the floor and rests on two sills which are not bedded in the ground but laid on top of it. The press is not fastened at the top, but is braced on the sides to keep it in place from moving while in operation. This machinery could all be removed from the house or land without injury to either, but other machinery would have to be added before its use for a gin and mill (for which it has been exclusively used since prior to December, 1892) could be restored.

Appellant's first assignment of error urges that the machinery in question had been annexed to the freehold as a benefit to it, and had become an accessory necessary to the enjoyment of the freehold, and partook so much of the realty that its ownership vested with the fee to the land, and it was not subject to removal except by consent.

The machinery in question was sold to Hildebrandt & Bohne March 30, 1893, and a chattel mortgage executed thereon, bearing date on that day to secure the purchase money thereof, said mortgage providing that the property should be considered chattel property, and be taken possession of as such by appellee should default be made in the payment of said purchase price. Said mortgage was made and executed before said property was delivered to Hildebrandt & Bohne, and before it was located at its present site, which was about May 1, one month after it was purchased. The gin stands at all time rested on the floor of the second story of the gin house, and have never in any way been fastened to the

same, or any other part of the building; all of said machinery has occupied its proper place in the gin house but none of it has ever been fixed or fastened in any way to the building, except the shafting and pulleys which have been screwed thereto. The double box press is set down on the ground through a hole cut in the floor, and rests upon two sills. The sills are not bedded in the ground, but simply laid on top of it. The press is not fastened at the top, but sufficiently braced to keep it from moving while being operated. All of the property in question can be removed from said building without injuring the house or the land or the machinery in the least, and the building and lot without the machinery would be worth as much as $1900.

The facts shown upon the trial clearly evidence the intention that the machinery should remain personalty, and not become a part of the realty until it should be paid for. It was also clearly shown that there was not such an actual annexation of the machinery to the realty as would prevent its being removed without damage to the freehold. Where it is clearly shown, as in this case, that the intention was that the property should remain chattel, and there has been no such attachment of the chattel to the realty as would injure the realty by the removal of the chattel, the chattel should not be regarded as a part of the realty. Hutchins v. Masterson, 46 Texas, 554; Ewell on Fixtures, 21; Menger v. Ward, 28 S. W. Rep., 824, and authorities cited; Binkley v. Forkner, 19 N. E. Rep., 755; Eaves v. Estes, 10 Kan., 314; Tifft v. Horton, 53 N. Y., 377.

The second assignment of error insists, that as appellants held a vendor's lien upon the realty at the time the machinery was placed upon it, and the machinery was so placed without their knowledge or consent, and without any agreement on their part that it should remain chattel until paid for, as to them it became a part of the realty.

The vendor lien notes held by Willis & Bro. were made and executed by Hildebrandt & Bohne December 13, 1892, and on the same day transferred to said Willis & Bro. The machinery in question was bought from the Munger Machine Company by Hildebrandt & Bohne March 30, 1893, when the mortgage in question was executed, and the machinery was about one month thereafter placed upon the real estate upon which said lien existed. Willis & Bro. were fully apprised of Munger's claim to the property at the time they brought their suit to foreclose their vendor's lien, and long prior to the time of sale thereunder. The property to which the vendor's lien attached would not be injured by the removal of the machinery.

The contention is; that notwithstanding the machinery should be treated as personalty as between the Munger Company and Hildebrandt & Bohne, yet as to appellants it should be regarded as a part of the realty. We do not think this contention is based upon any sound principle. By sustaining and applying it in this case, the Munger Company would lose the security taken for their machinery, and appellants would have the value of the machinery added to the realty upon which their

vendor's lien rested, without valuable consideration paid or any damage to be done to their security by the removal of the machinery. The vendees had the right to place the machinery upon the lot without forfeiting the right of its removal, so long as it could be done without injury to the realty. As they possessed that right, they could incumber it with a mortgage to another, with such right of removal to satisfy the mortgage lien. Harkey v. Cain, 69 Texas, 150; Brewing Association v. Ice Machine Co., 81 Texas, 103; McJunkin v. Dupree, 44 Texas, 500; Campbell v. Roddy, 14 Atl. Rep., 279; Brinkley v. Forkner, 19 N. E. Rep., 755; Crippen v. Morrison, 13 Mich., 24.

The third assigned error complains of the action of the court in foreclosing the mortgage upon the double box press, which by mutual mistake and oversight was omitted from the written mortgage.

The manner in which this double box press was located upon the premises has been hereinbefore stated. The press was sold to Hildebrandt & Bohne along with the balance of the property in question; the purchase money therefor was included in the notes sued on, and it was agreed when said property was purchased that plaintiff should have a lien on the same, including said press, for the purchase money, but through oversight and mutual mistake, the press was omitted from the written mortgage.

As between the Munger Company and Hildebrandt & Bohne, the right to correct the mistake and foreclose the mortgage lien upon this part of the machinery is clear; and as appellants had acquired no lien upon it or right in it, they have no rights which have been affected by such foreclosure. 2 Beach on Modern Eq. Jur., secs. 538, et seq.; 1 Jones on Mortg., sec. 97.

We find no errors committed upon the trial, and the judgment is affirmed.

*Affirmed.*

Writ of error refused by Supreme Court.