## J M. SHELTON v. A. M. WILLIS, JR.

### Decided May 26, 1900.

1. **Trespass to Try Title Between Purchaser and Lessee of State School Lands—Improvements—Burden of Proof.**

A sale of State school lands to one who placed improvements thereon was forfeited for nonpayment of interest, and the State then leased the land to plaintiff, who purchased the improvements from the former owner. Afterwards the State sold the land to defendant as an actual settler thereon, and plaintiff (the lessee) sued him for the land in trespass to try title. Held, that the burden of proof was on plaintiff to show whether he purchased the improvements before or after the forfeiture, and how much of them were not so attached as to have formed part of the realty and become the property of the State by virtue of the forfeiture, and that the value of so much of them as he acquired title to amounted to $200. Rev. Stats., art. 4218s.

2. **Same—Cancellation by Land Commissioner.**

The fact that the Commissioner of the General Land Office accepted plaintiff's proof of ownership and value of the improvements, and thereupon canceled the award of the land to the defendant, did not shift the burden of proof from plaintiff to show their value, since that officer had not authority to so divest title out of the defendant.

3. **Same—Value of Improvements—Conflicting Evidence—Opinion.**

The question of the value of the improvements was for the jury; and upon evidence for plaintiff showing them to be worth over $200, and evidence by defendant that in his opinion they were worth less than $100, a verdict for defendant would not be disturbed, although defendant testified that he "knew nothing of wind mills," one of which constituted the principal item of the improvements, as no objection was made below to defendant's qualifications to testify as to value.

4. **Same—Charge of Court.**

The failure of the court to give in charge to jury the rules by which to determine whether or not the improvements constituted nonseverable fixtures, was a matter of omission merely, and not reversible error in the absence of a request for such instruction.

APPEAL from Roberts. Tried below before Hon. B. M. BAKER.

*H. E. Hoover* and *L. D. Miller,* for appellant.

CONNER, CHIEF JUSTICE.—This suit was instituted by appellant in the ordinary form of trespass to try title in the District Court of Wheeler County on the 15th day of March, 1899, to recover possession

of section No. 48, block No. 17, Houston & Great Northern Railway Company surveys, situated in said county.

Appellee answered by general denial, plea of not guilty, and a special plea to the effect that he had filed on the land in controversy on the 11th of September, 1898, as an actual settler thereon, and had continued to reside upon said land until wrongfully ejected by writ of injunction sued out by appellant, and further, that the improvements upon said land had been erected by one R. T. Cole, a former actual settler and purchaser from the State of Texas, and whose purchase had been duly forfeited, whereupon said improvements reverted to the State of Texas, and in fact were not the property of plaintiff.

Upon change of venue duly made to the District Court of Roberts County, on the 1st day of November, 1899, there was a trial resulting in a verdict and judgment in favor of the appellee, from which this appeal has been prosecuted.

Omitting unnecessary statements, the facts are that appellant, about the 1st day of January, 1898, duly leased from the State the section of land involved for a period of five years from said date, and thereunder took possession. Thereafter, in September, 1898, appellee made actual settlement thereon, and in due form made application to purchase the same from the Commissioner of the General Land Office, and duly forwarded therewith his obligation and first payment as provided by law. Said application, obligation and payment were duly received, and said section duly awarded to appellee by virtue thereof in November, 1898. Soon thereafter appellant presented to the Commissioner of the General Land Office affidavits to the effect that at the time of appellee's application and of said award he owned and had situated on said section improvements of value in excess of $200. The Commissioner thereupon canceled the award to appellee, and reinstated appellant's lease, appellant thereafter instituting this suit for possession, as before stated.

No question arises as to the form or regularity of appellee's lease, or as to the application, obligation, or payment by appellee by virtue of which the award was made to him as aforesaid. The only questions involved in this appeal grow out of appellant's claim to the improvements on said section and the value thereof, and the defense thereto indicated in the special answer before mentioned.

It was shown upon the trial that in 1894 said section had been duly awarded to one Cole, who applied to purchase the same as an actual settler; that by reason of the nonpayment of interest by him such award was duly forfeited by the Commissioner of the General Land Office some time during the year 1897; that the improvements in question situated upon said section had been purchased by appellant from and under Cole, the date, however, of such purchase not appearing in the record. The improvements consisted of a well 120 feet deep that originally cost 75 cents per foot to dig, and of a windmill and iron tower, casing, pipes, and water trough that originally cost $235. There was also a dugout on the premises worth about $15. Appellant testified that said improvements

were worth about $400. The witness who erected the windmill and watering trough mentioned stated the value of the windmill, tower, casing, pipes and watering trough to be $235, fully qualifying himself to speak thereto. Appellee, on the other hand, gave it as his opinion that he considered said improvements worth less than $100.

There are a number of assignments, but without discussing them seriatim we think the principal questions presented may be disposed of in the treatment of one question, to wit, upon whom rested the burden of proof on the issue of improvements?

In the case of White v. Pyron, ante, 105, it was held by us, in an opinion by Justice Hunter, that the burden was upon the actual settler to show that the land in that case did not have $200 worth of improvements thereon. That was a case, however, in which he was plaintiff. It appeared from his own allegation and proof that he applied to purchase the land there in controversy as leased land, and that his application to purchase had been rejected by the Commissioner of the General Land Office on the ground that the lessee had placed on the same improvements of the value of $200. In the case now before us, however, it is not made to appear that appellee applied to purchase the section in controversy as leased land, and it appears that the Commissioner duly awarded the land to appellee upon his application; so that we think a different rule of construction should prevail.

We think, under the Constitution and law relating thereto, that all public free school lands are subject to sale, including lands which may have been leased, and that that part of article 4218s, Revised Statutes, which provides that "any section or part of a section which may be leased shall not be sold, nor shall the lessee be disturbed in his possession thereof during the term of his lease, in the following cases:   *   *   * 2. When he has placed on such section or part of a section improvements of the value of $200," is in the nature of an exception to the general rule. In such cases the uniform course of construction is that the burden of proof rests upon him who claims the benefit of such exception.

Here the land in question was prima facie subject to sale. Appellant insists, however, that it was not subject to sale, because, at the time of appellee's application and purchase, he was in possession of and owned situated upon said section improvements of the value of $200 and over. The burden therefore rested upon him to establish such fact. Otherwise he failed to establish one of the essential facts to his right of recovery. This was issuable under the plea of not guilty, irrespective of the sufficiency of appellee's special plea. Then, did appellant discharge that burden in this case?

It is not claimed in his behalf that "he has placed on such section" improvements of the necessary value, but we do not wish to be understood as holding that it is necessary that he shall have in person so placed such improvements. We think, however, the burden was upon him to show at least that he had lawfully acquired and owned the

improvements by virtue of which he claimed the right to possession. It being undisputed that Cole placed the improvements upon the land, and that appellant purchased from and under him, it is insisted that the burden was upon appellee to show that such improvements were so fixed or so attached to the soil as to become part thereof.

Ordinarily when the owner of land so attaches personal property to it as to become a fixture, a permanent accession to the freehold, it becomes a part of the realty. Harkey v. Cain, 69 Texas, 150; Railway v. Dunman, 19 S. W. Rep., 1073; Wright v. McDonald, 30 S. W. Rep., 907; Moody v. Aiken, 50 Texas, 73; McJunken v. Dupree, 44 Texas, 501; Hutchinson v. Masterson, 46 Texas, 554.

This question is determinable from the circumstances. If the improvements in question were so fixed and attached as that they could not be removed without damage to the realty, and were placed thereon with intent by Cole that they should thereby become a permanent accession thereto, then they became a part of the land, and upon the forfeiture of Cole's purchase, as charged by the court, reverted to the State. Appellant offered no proof, nor does the record show the intent with which they had been erected by Cole, nor the manner in which such improvements were attached to the soil. Nor was it shown when Cole undertook to convey such improvements, whether before or after forfeiture. We presume that it will be conceded that the well, the original cost of which was shown to be $90, and perhaps the casing, the cost of which is not made to appear, became a part of the realty.

We can not, therefore, say that the court was not authorized to submit the issue, or that the verdict and judgment should be disturbed, because, as alleged, it affirmatively appears that appellant owned and possessed improvements over the value of $200. His ownership depended upon the power of Cole, under the circumstances, to transfer. The burden was upon appellant to show that the circumstances were such as authorized the sale by Cole and such as resulted in the lawful acquisition by him of such improvements.

But it is insisted, in effect, that the burden of proof shifted and rested upon appellee by reason of the fact that the State recognized appellant's right, in that the Commissioner of the General Land Office accepted appellant's proof of ownership and value of the improvements, and thereupon canceled the award to appellee. We know of no statute, and no authority has been pointed out, authorizing the Commissioner of the General Land Office to thus disturb the title vested in appellee by virtue of his application, obligation, payment and award theretofore made and given. This involved the determination of a judicial question not within his jurisdiction. We do not think the Commissioner could thus divest the title of the State, if any, to the improvements in question reverting to it upon Cole's forfeiture, or thus change the burden of proof or divest appellee's rights as stated.

The error of the court, if any, in failing to give in charge to the jury the rules by which to determine whether the improvements constituted

nonseverable fixtures was one of omission merely, and we find no requested instruction supplying the deficiency. Hence appellant has no cause of complaint on this ground.

While the proof perhaps preponderated in favor of appellant as to the value of the improvements, yet appellee testified that he considered them of value less than $100. It is said that this statement should not be received; that it appeared that he "knew nothing of windmills." These objections go to the qualification of the witness and the weight of the testimony. No objection was made to his evidence on the ground that he was not qualified to give an opinion, and we do not feel authorized to say that there was no evidence to support a finding that the improvements in fact were of less value than $200. If so, appellant's right to recover the land of course fails, although he may have been the lawful owner of such improvements.

Finding no reversible error, it is ordered that the judgment below be affirmed.

*Affirmed.*