### MURRAY CO. v. RANDOLPH et al.
### (No. 6764.)

(Court of Civil Appeals of Texas. Galveston. March 12, 1915.)

1. CHATTEL MORTGAGES ☞277 — FORECLOSURE—DEFENSES—BONA FIDE PURCHASER.

Where, in a suit to foreclose a chattel mortgage covering property transferred by the mortgagor to defendant and by him transferred to codefendant, defendant alleged that before the suit it sold all of his interest in the property to codefendant, who did not make the defense of innocent purchaser or the acquisition of title from an innocent purchaser, plaintiff was entitled to a foreclosure of his mortgage, for the defense of innocent purchasers, to be available, must be pleaded.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 564–566; Dec. Dig. ☞277.]

2. VENDOR AND PURCHASER ☞231—NOTICE—CHATTEL MORTGAGES.

A purchaser of real estate need only take notice of the record title of the land, and is unaffected by a recorded chattel mortgage on a fixture which has become a part of the realty.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 487, 513–539; Dec. Dig. ☞231.]

3. CHATTEL MORTGAGES ☞90—RECORD—MISTAKE OF CLERK—EFFECT.

Where a copy of a chattel mortgage was duly filed in the office of the county clerk, who erroneously indexed the mortgage by placing the name of the mortgagee under the heading "Mortgagor," and the name of the mortgagor under the heading "Mortgagee," the registration of the mortgage was effectual as notice, notwithstanding the mistake.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 168–173; Dec. Dig. ☞90.]

Appeal from District Court, Matagorda County; Samuel J. Styles, Judge.

Action by the Murray Company against Clyde Randolph and others. From a judgment granting insufficient relief, plaintiff appeals. Reversed and rendered.

W. C. Carpenter, of Bay City, and J. J. Eckford, of Dallas, for appellant. E. E. Bateman and Gordon Lawson, both of Palacios, for appellees.

PLEASANTS, C. J. This suit was brought by appellant against appellee Clyde Randolph to recover the amount due upon a promissory note for $400, executed by said appellee on July 27, 1908, and payable to appellant, or order, on December 1, 1909, with interest from date at the rate of 8 per cent. per annum until maturity, and 10 per cent. thereafter, and 10 per cent. attorney's fee, if collected by suit or placed in the hands of an attorney for collection. Plaintiff further sought to foreclose a chattel mortgage upon certain gin and mill machinery, fixtures, and appliances, sold by appellant to appellee, for a portion of the purchase money of which the note in question was executed. The petition alleges the execution of the mortgage on July 27, 1908, and its registration in Matagorda county, where the property, which is fully described in the petition, is situated. It further alleged that W. J. Gover and D. C. Deal are asserting some claim to the property, and they are made parties defendant. Judgment is asked against defendant Randolph for the amount due upon the note, with interest and attorney's fees, and against all of the defendants foreclosing the mortgage upon the property described in the petition.

The defendant Randolph did not answer. The defendant W. J. Gover filed a general demurrer and general denial. Defendant D. C. Deal answered by general demurrer, special exception, and general denial, and by special plea in which he alleges, in substance, that he purchased from defendant Clyde Randolph certain lands and premises described in his answer, and that the machinery and fixtures described in plaintiff's petition were situated in a building on said land, and were at the time of his purchase so attached to the realty as to be a part thereof; that said premises and improvements were conveyed to him by Clyde Randolph by warranty deed, and that he purchased said property without any knowledge or notice of the fact that plaintiff had or claimed any lien thereon. It is further alleged that plaintiff's mortgage was not duly filed and registered as a chattel mortgage, because it was not properly indexed on the mortgage index of Matagorda county, in that the name of Clyde Randolph, the mortgagor, appears upon said index as "mortgagee," and the mortgagee, the Murray Company, as "mortgagor." It is further alleged:

"And for further answer herein, if such answer is necessary, this defendant would further show to the court that he took possession of the lands and premises in 'Exhibit B' described on the 1st day of November, A. D. 1910, and continued to hold the same in peaceable adverse possession and without notice, either actual or constructive, of the claim of the plaintiff herein, until on or about the 1st day of October, A. D. 1912, when he transferred all his right, title, and interest in and to the property in 'Exhibit B' described to one W. J. Gover; and that thereafter, to wit, on the 7th day of April, A. D. 1913, the said W. J. Gover received a letter from the plaintiff herein, and this defendant then received his first knowledge of the said lien or mortgage; the said letter stating that they held a mortgage on the property of this defendant (the property described in their original petition) and that they desired to collect the same. And this defendant would further represent that he again went to the office of the county clerk of Matagorda county, Texas, and diligently searched for, but failed to find, the said mortgage, and so advised the plaintiff, and that he had the certificate of W. C. Lloyd, the then county clerk, made, showing how the said mortgage was recorded, which said certificate is hereto attached, marked 'Exhibit C,' and made a part hereof, and reference is here made to the same for contents thereof.

"This defendant further represents that under the terms of the instrument held by plaintiff and denominated a chattel mortgage, and under which such rights as it pretends to have are claimed, it contains a clause showing that said machinery, on the 27th day of July, 1908, was at Palacios, in Matagorda county, Texas, and was to be located at or near Palacios, in Matagorda county, Texas, and furthermore stipulates that if the said machinery shall be located on lot or lots the homestead of the said Clyde Randolph, then and in that event the said Murray Company should be and become entitled to a mechanic's lien, not only upon said machinery, but upon said lot or lots upon which the same are situated; the said instrument reciting that it was agreed that said machinery constituted an improvement upon said lot or lots, and said instrument likewise contained a provision that plaintiff, the Murray Company, should have the right to treat the same as personal property, and remove said property from said premises within 12 months; that said property was not removed from the premises upon which it was finally located within said 12 months; that the lot or lots upon which said machinery was located constituted the homestead of the said Clyde Randolph at the time the location of said machinery upon said lots, and that said lots thus remained the homestead of the said Clyde Randolph for a period of more than 12 months after such time; that by election of the plaintiff, and by the terms of the instrument aforesaid, upon the locating of said machinery upon said homestead, and the failure of the plaintiff to remove the same within a period of 12 months from such time, the property described in plaintiff's petition became an improvement upon the said homestead lot or lots, and that thereupon the same ceased to be personal property, and the chattel mortgage claimed by the plaintiff ceased to operate or exist upon or against said property as a chattel mortgage, said property having by the circumstances above recited, and the election of the plaintiff, as set forth in said instrument, become realty; that said property became affixed to and became a permanent part of the improvements on said lot or lots; that the said instrument executed by Clyde Randolph to the Murray Company, under which it claims its rights herein and which is hereinbefore referred to, was never recorded in the mechanic's or materialman's lien records of Matagorda county, state of Texas, nor was it indexed in the index books thereof, nor was said instrument ever filed for record in said lien books, or in any lien books pertaining to real estate in Matagorda county, state of Texas, nor indexed in the indexes thereof, and this defendant further says that said instrument was not recorded, nor asked, demanded, required, or permitted to be recorded by the county clerk of Matagorda county, Texas, in any real estate lien book of said county, or indexed in the indexes thereof; that at the time of the purchase by this defendant from the said Clyde Randolph, and for a long time after this plaintiff had made final settlement with the said Clyde Randolph, and for a long time after the said Clyde Randolph had left the state of Texas and become insolvent, the said Randolph being still insolvent, this defendant had no notice or knowledge, actual or constructive, of any right, claim, lien, estate, or interest held or pretended to be held by the plaintiff against the property purchased by this defendant from the said Clyde Randolph, which included the property described in said instrument; that had said instrument been filed for record in the mechanic's or materialman's lien records of Matagorda county, Texas, or recorded in one of the real estate lien records of Matagorda county, Texas, and indexed therein, as of right it should .have been, in order to have given this defendant constructive notice of the existence of the right and claim of the plaintiff, then said claim would have been discovered, and this defendant would not have purchased said property until and unless there had been a release or cancellation of said pretended lien; that this defendant at the time of the purchase of said property, and for more than 12 months thereafter, and for a long time after the said Clyde Randolph had left the state of Texas and become insolvent, believed that the property purchased by him from the said Clyde Randolph, including the property upon which the plaintiff claims a lien, was free and clear of all incumbrances of any nature whatsoever, except the William Williamson deed of trust lien, which was expressly assumed by this defendant, and which has since been paid off, satisfied, and discharged."

The trial in the court below without a jury resulted in a judgment in favor of plaintiff against the defendant Clyde Randolph for the amount due upon the note, and in favor of defendants Gover and Deal, denying plaintiff a foreclosure of the mortgage lien upon any of the property described in his petition.

The record discloses the following facts: The property described in plaintiff's petition was sold by appellant to appellee Randolph, and in part payment of the purchase money therefor Randolph executed and delivered to plaintiff the note sued on, and to secure the payment of said note executed a chattel mortgage upon said property. A true copy of this mortgage was duly filed in the office of the county clerk of Matagorda county on August 6, 1908. After the execution of the note and mortgage the property covered by the mortgage was placed by Randolph in a gin or mill house situated on premises owned by him in or near the town of Palacios, in Matagorda county. There is evidence to sustain the finding that a portion of the property upon which the mortgage was executed was so placed in the gin house as to be permanently attached to the land, and became apparently a part of the realty. Appellee Deal purchased the premises from Randolph after the machinery

had been placed in the building as above stated. At the time of his purchase the chattel mortgage was on file in the office of the county clerk of Matagorda county, but Deal had no actual notice of the existence of the mortgage. In indexing this mortgage the county clerk erroneously placed the name of appellant under the heading "Mortgagor," and that of appellee Randolph under the heading "Mortgagee," upon the index record of chattel mortgages of said county. The mortgage contains the following provision:

"Said machinery is at Palacios, in car, in Matagorda county, Texas, and is to be located at or near Palacios, in Matagorda county, Texas, and to remain personalty, however and wheresoever located. And it is agreed and understood that if the said machinery shall be located on a lot or lots, the homestead of the grantors herein, then and in that event the said the Murray Company shall be and become entitled to a mechanic's lien, not only upon the said machinery, but upon the lot or lots upon which the same is situated; it being agreed and understood that the said machinery constitutes an improvement on the said homestead lot or lots. But in the event that the Murray Company should elect at any time to sell the above-described personal property under the powers herein provided for, separate and apart from the lot or lots on which the same may be situated, and to treat the same as personal property, then, and in that event, the said the Murray Company, or the purchaser thereof, shall have the right within 12 months from the date of said sale to remove all of the above-described property from the lot or lots on which the same is situated, and no matter how the same may be situated, and shall not be liable for any damages, real or supposed, caused to the freehold or the buildings or any improvements in so removing the same."

Prior to the institution of this suit, appellee Deal sold to appellee Gover all of his right, title, and interest in the property and premises purchased by him from appellee Randolph.

[1] Upon this state of the pleadings and evidence, we think the plaintiff was entitled to a foreclosure of his mortgage against all of the defendants, and the trial court erred in not so adjudging. Appellee Deal alleges in his answer that prior to the institution of this suit he had sold "all of his right, title, and interest" in the property to appellee Gover. There is no allegation that he warranted the title to Gover, nor are any facts alleged which render him liable to Gover in any amount, if the property covered by the mortgage is sold to satisfy plaintiff's debt. Appellee Gover does not make the defense of innocent purchaser, or that he acquired his title from one who held title as an innocent purchaser; nor does he ask any recovery against Deal in event the property is subjected to plaintiff's debt. Deal, having in effect disclaimed any interest in the property, and being under no obligation to defend the title of Gover, will not be permitted to defeat appellant's right to a foreclosure of his lien by his plea of innocent purchaser. Gover made no such plea, and Deal's plea is not available to him as a defense to plaintiff's suit. In a suit of this kind, the defense of innocent purchaser is not available, unless it be pleaded.

[2] As we have before stated, there is evidence to sustain the finding that a portion of the machinery was so placed in the building as to be permanent fixtures and become a part of the realty. It is not clear from the testimony what portion of the machinery, other than the gin stand, was so attached to the realty; but there is some evidence that the press, lint flues, and line shaft were also placed in the building in such manner as to become permanent fixtures. The filing of the chattel mortgage would cease to be notice to a purchaser of the realty after the property covered by the mortgage had become a permanent fixture. A purchaser of realty is only required to take notice of the record title of the land, and is not affected by a chattel mortgage upon a fixture which has become a part of the realty. Many of the authorities upon this question are cited and discussed in the well-considered opinion of Judge Lightfoot, of the Court of Civil Appeals for the Fifth District, in the case of Ice Co. v. Lone Star Engine & Boiler Works, 15 Tex. Civ. App. 694, 41 S. W. 835. Under the rule above stated, if appellee Deal had not alleged in his answer that he had no interest in the property, he would have been entitled to a judgment denying plaintiff a foreclosure on his lien upon the portion of the machinery shown to have been permanent fixtures at the time Deal purchased the premises; but he cannot make such defense for the benefit of his codefendant.

[3] There is no merit in appellee's contention that registration of the mortgage was ineffectual as notice, because of the mistake of the clerk in entering it upon the index record. The point has been expressly decided against such contention. Vide Ames Iron Works v. Chinn, 15 Tex. Civ. App. 88, 38 S. W. 247, and cases there cited. It follows, from what we have above said, that the judgment of the court below should be reversed, and judgment here rendered for appellant, foreclosing his mortgage against all of the defendants; and it has been so ordered.

Reversed and rendered.