## McLEOD BROS. v. KIRKLAND et al.
### (No. 8322.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 5, 1916.)

REFORMATION OF INSTRUMENTS ☞13(1)—MUTUAL MISTAKE—OMISSIONS.

Where through mutual mistake a chattel mortgage failed to include a debt which the parties agreed should be secured, the instrument will be reformed.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 42–60; Dec. Dig. ☞13(1).]

Appeal from Baylor County Court; T. J. North, Judge.

Action by Jack and Don McLeod, copartners doing business as McLeod Bros., against P. E. Kirkland and another. From a judgment for defendants, plaintiffs appeal. Reversed and remanded.

Milam & Wheat, of Seymour, for appellants. Bert King, of Seymour, for appellees.

CONNER, C. J. The appellants, Jack and Don McLeod, composing the partnership of

McLeod Bros., brought this suit against the defendants, P. F. Kirkland and Earl Brannon, in the county court of Baylor county to recover upon certain debts alleged to be due and to foreclose a mortgage upon certain property in their petition described. After alleging the execution of a joint promissory note on the part of the defendants for the sum of $500, and the making of the mortgage referred to, the following allegations were made:

"The plaintiffs further aver, and would show to the court, that at the time of the execution of the said mortgage the contract and agreement made and entered into was had and occurred in the plaintiffs' store in the town of Seymour, Tex.; that the defendant Kirkland then owed the plaintiffs an unpaid debt for supplies furnished in 1911, and plaintiffs had sued and obtained judgment against the defendant. Kirkland for the said amount, including interest and costs, amounting to the sum of $300.82, and the defendant Kirkland came into plaintiffs' store and made the proposition to the plaintiffs that if plaintiffs would furnish and supply the defendants, Kirkland and Brannon, during the year 1914, with $500 credit and furnish them supplies to that amount, they would execute and deliver to them a mortgage to cover the $500 note, upon the personal property before mentioned, and would include in the said mortgage the debt owing by defendant Kirkland to plaintiffs in the sum of $300.82. The plaintiffs, being anxious to secure their $300.82 debt and judgment, and not having found any property subject to execution owned by the said P. F. Kirkland out of which to make said $300.82 debt, then and there agreed with the defendant, if they would execute their said mortgage to secure both the $300.82 debt by Kirkland and the $500 signed by both of them, that he would advance them supplies to the extent of $500 during the year 1914. Which condition was agreed to by and between the parties. Thereupon plaintiffs had the mortgage drawn at plaintiffs' store in the presence of all the parties, with the full intention and agreement by and between all the parties that the $300.82 debt should be included in the mortgage, as well as the $500 note. But by mistake and error in the legal effect of the instrument and oversight, and without negligence on the part of these plaintiffs, the debt for $300.82 was not described in the mortgage, but was left out by mistake, when in truth and in fact it was intended by all the parties to so include the said $300.82 debt in the mortgage, and though the same was not described in the said mortgage, having been, as before stated, erroneously left out, the same was in fact, by intention of the parties and agreement of the parties, included in the mortgage, and was a valid and binding contract upon the parties, and the plaintiffs were secured in the payment of the said $300.82 debt with a mortgage lien upon the property so described in said mortgage and as above set out, which said debt and judgment in the sum of $300.82 was either on that date, or on the 9th day of February, 1914, executed and expressed in a note of $300.82, signed by the said P. F. Kirkland and payable to these plaintiffs on October 1, 1914."

The prayer was to the effect that the mortgage might be so corrected as to include the debt of $300.82 mentioned in the quotation; that the mortgage lien should be foreclosed, the property described in the mortgage sold, and the proceeds applied to the remainder alleged to be due on the several debts declared upon. The effect of the court's judgment was to deny the plaintiffs the right to foreclose the mortgage declared upon by them as to any part of the debt omitted from its terms, and the plaintiffs have appealed.

We are of the opinion that the court erred, as assigned, in sustaining special exceptions to that part of plaintiffs' petition which we have quoted. It is a familiar equitable doctrine that a deed or contract will be corrected, from which, by mutual mistake, material provisions have been omitted. Thus, it was held in Mattox v. Davis, 106 S. W. 169, that the grantor in a deed from which, by mutual mistake, a reservation of merchantable pine timber was omitted, should be granted relief as against the grantee and others purchasing the timber with notice of the mistake. And in Willis v. Munger Improved Cotton Mac. Mfg. Co., 13 Tex. Civ. App. 677, 36 S. W. 1010, it was held, in an action to foreclose a chattel mortgage on certain machinery placed in a gin mill, that it was proper to permit the mortgage to be corrected so as to include an article which was omitted therefrom by mutual mistake, and a writ of error was denied in the case. The doctrine is so familiar that it seems hardly necessary to cite additional authorities, but reference might also be made to the cases of Kelley v. Ward, 94 Tex. 289, 60 S. W. 311; Yarzombeck v. Grier, 32 S. W. 236; Bailey v. Culver, 175 S. W. 1083; Ætna Ins. Co. v. Brannon, 99 Tex. 391, 89 S. W. 1057, 2 L. R. A. (N. S.) 548, 13 Ann. Cas. 1020.

We think the plaintiffs should have been permitted, if they could, to prove their allegations of mistake, but which they were precluded from offering to do by the rulings complained of; and for the errors indicated the judgment must be reversed, and the cause remanded for a new trial. See Drummond v. Allen National Bank, 152 S. W. 739.

Reversed and remanded.