## ELK MFG. CO. v. CITIZENS' NAT. BANK OF ABILENE et al. (No. 581.)

Court of Civil Appeals of Texas. Eastland.
May 17, 1929.

Rehearing Denied June 21, 1929.

Scarborough, Ely, Brown & King, of Abilene, for plaintiff in error.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for defendants in error.

HICKMAN, C. J. For convenience plaintiff in error will be called plaintiff and defendants in error defendants. Plaintiff sold to one G. B. Brown certain pieces of machinery known as burr extractors, which were placed by Brown in cotton gins owned by him at Tuscola, Taylor county, and Anson, Jones county. The contracts for the purchase of these burr extractors both provided, in substance, that until the purchase price therefor was paid in full the title and ownership thereof should remain in the seller, and that, in case of default in any payment, the owner and holder of the notes executed on the date of the sale should be entitled to declare all sums then unpaid due and payable, and should have authority to take possession of said property. These contracts were entered into in the spring and summer of 1926. The machinery was delivered and installed in the two cotton gins. Thereafter, and on the 1st day of December, 1926, Brown executed to J. O. Shelton, trustee for the Citizens' National Bank of Abilene, a deed of trust to the lands upon which these cotton gins were situated. The deed of trust was to lands only, and did not mention any machinery or fixtures.

This deed of trust was executed for the purpose of securing the bank in the payment of a note then executed in the sum of more than $24,000, and recited that that note was given in lieu of the balance of $15,938.13, on a prior note of Brown's to the bank, which prior note was fully described in a deed of trust dated March 21, 1925, and duly recorded. The $24,000 note also included the sum of about $7,200 advanced by the bank to Brown for the purpose of paying off certain indebtedness owing by Brown to the Murray Company. The deed of trust was properly placed of record.

Thereafter, the conditional sales contract between plaintiff and Brown was filed and registered as a chattel mortgage. During the year 1927 Brown filed a petition in bankruptcy in the United States District Court for the Northern District of Texas, at Abilene, and was by that court duly adjudged a bankrupt; his estate passing into the hands of the trustee in bankruptcy for administration. In due time the defendant bank filed its claim in bankruptcy and sought a foreclosure of its deed of trust lien. The claim was allowed and the property sold. At the sale the bank and defendant H. Gieske became the purchasers, and a deed was made to them by the trustee.

At the time of the foreclosure the plaintiff asserted a lien on the burr extractors which it had sold to Brown. By reason of the fact that the referee in bankruptcy was disqualified to pass on the priority of the liens as between the plaintiff and the defendants, it was agreed by all parties that the plaintiff would

have a right to bring suit in the district court of Taylor county to establish the validity of its lien, if it had a lien; and it was further agreed that if its lien was established it would be foreclosed on the respective pieces of machinery sold by it to Brown, and that, should it prevail, a reasonable rental value should be paid for the use of the machinery during the ginning seasons of 1927 and 1928. The sale of the property through the bankrupt court, by reason of the facts above stated was made without prejudice to the rights of plaintiff to establish its lien in the state court.

The instant suit is a consolidation of two suits brought by the plaintiff, the one concerning the Tuscola property and the other the Anson property. By its suit plaintiff is seeking to establish its title to, and right to possession of, the particular machinery sold by it to Brown, and is claiming rents for the use of the machinery. Alternatively, plaintiff is suing for damages for the conversion thereof by the defendants. The case was tried before the court without the aid of a jury and judgment was entered for the defendants. No findings of fact or conclusions of law appear in the record.

The sole question of law to be determined is whether the several pieces of machinery sold by plaintiff to Brown became fixtures, as between the parties hereto, so that they passed by the deed of trust and trustee's deed to the defendants. Admittedly confusion, and perhaps irreconcilable conflicts, exist as to whether a chattel under given facts has become a fixture so as to partake of the nature of real estate and pass under a deed conveying real estate. The leading Texas authority on the question, and the one to which most all of the subsequent decisions refer, is the case of Hutchins v. Masterson, 46 Tex. 551, 26 Am. Rep. 286. In the opinion in that case our Supreme Court prescribes three tests, which are still employed by the authorities. Briefly these tests are: (1) Mode of annexation; (2) adaptation of chattel to the uses or purposes of the realty; and (3) the intention of the parties making the annexation. That decision gives pre-eminence to the question of intention and values the other tests chiefly as evidence of the intention.

The statement of facts in this case contains much testimony as to the mode of annexation of the machinery to the cotton gin building. Because of the view which we take of the controlling question of law presented, we shall not find it necessary to analyze this testimony in this opinion; our view being that, as between the parties to this suit, the mode of annexation is practically, if not altogether, immaterial.

■ It is our opinion that this case is controlled by the decision of the Commission of Appeals, approved by the Supreme Court, in the case of Murray Co. v. Simmons, 229 S.

W. 461. The opinion in that case made an application of the tests prescribed in Hutchins v. Masterson, supra, and held that, where gin machinery was sold under an agreement between the seller and the owner of the gin that it should remain personalty and be subject to removal, and a chattel mortgage was given at the time of the sale of same to secure the purchase price, and the evidence further showed that such machinery could be removed without injury to the building in which it was installed, it did not become part of the realty. The intention which it was held in that case should govern was the intention of the seller and buyer of the machinery at the time of sale as expressed in their contract. If we correctly interpret that opinion, it is based upon the holding that the provisions in the contract of sale and mortgage governed, and that, irrespective of the mode of annexation, the fixtures never became a part of the realty. The opinion contains this language: "Under the well-settled rule of law above reviewed, we have no difficulty in applying the facts of this case to reach the proper conclusion. It is sometimes difficult to arrive at the intention of the parties with reference to whether or not property shall remain personalty. No such difficulty is presented here. The intention of the Murray Company and Simmons Bros. with reference to their machinery remaining personalty and subject to removal if not paid for is not open to debate. The written contracts and mortgages specifically so provide. These provisions should govern. They show plainly that the intention of the parties was to treat the property as personalty and not as becoming a part of the realty."

That opinion also quotes with approval from another case (Tifft v. Horton, 53 N. Y. 377, 13 Am. Rep. 537) the following: "It appears that the boilers and engine cannot be removed without some injury to the walls built up about them, and which are a part of the real estate, yet this fact will not debar the plaintiffs. The chattels have not become a part of the building; the removal of them will not take away or destroy that which is essential to the support of the main building, or other part of the real estate to which they were attached; nor will it destroy or of necessity injure the chattels themselves; nor will the injury to the walls about them be great in extent or amount. So that the limitations hereinbefore stated do not apply."

In the instant case, similar provisions are contained in the contract of purchase, and the great preponderance of the evidence establishes the fact that the machinery in question could be removed without material injury to the buildings in which the machinery is installed.

The two cases, in our opinion, cannot be distinguished. Article 5498, R. S. 1925, was not the basis of the decision in the Simmons

Case. That article was enacted in 1917, and the rights in that case were fixed prior to 1917. The opinion does not modify in any sense the holding in such cases as Murray Co. v. Randolph (Tex. Civ. App.) 174 S. W. 825, and Phillips v. Newsome (Tex. Civ. App.) 179 S. W. 1123, that prior to 1917 a registered chattel mortgage was not notice to one dealing with realty. The decision would have clearly been the same had the chattel mortgage not been registered at all.

Neither can the cases be distinguished on the ground that in this case the deed of trust was executed after the machinery was installed, while in that case it was executed prior to its installation. As noted, the deed of trust in the instant case described only land, with no mention of cotton gins, machinery, or fixtures. No questions of estoppel or innocent purchaser are involved. Had defendants purchased or taken a mortgage on this machinery as personalty, without any notice of plaintiff's unregistered mortgage, they would have been protected. But, since they purchased the land only, their claim to the machinery must rest alone upon a holding that it was a part of such land. If it was not a part of the land, they have no claim thereto. The Simmons Case holds that it never became a part of the land, because of the expressed intention of the seller and buyer thereof to the contrary. Following that opinion, we hold that the burr extractors, as between the parties hereto, are not fixtures, and that they did not therefore pass to defendants under the deed of trust and trustee's deed.

We cannot render this cause, because there are questions of fact to be determined on the allegations of conversion or value of rentals. The trial court's judgment will be reversed, and the cause remanded.

### On Motion for Rehearing.

Defendants have filed three motions, one for rehearing, one for additional findings, and one to certify to the Supreme Court. The reason why we are asked to certify this case is stated in the motion as follows: "That the holding in this case as to the effect of Murray Company v. Simmons (Tex. Com. App.) 229 S. W. 461, is to make unrecorded reservations of title good as against subsequent lien holders in good faith. * * *"

This same interpretation of our original holding appears throughout the argument in support of the motion for rehearing. Since that interpretation is so different from the meaning which we thought we were conveying in our original opinion, we shall briefly restate our holding, as follows:

Defendants acquired a lien upon, and later a trustee's deed to, certain lots of land. The only claim they have to the burr extractors is by virtue of the deed of trust and trustee's deed. If these machines were a part of the realty when the deed of trust was executed and delivered, they passed thereby to the trustee and later passed by the trustee's deed to defendants. If they were not, in fact and law, a party of the realty described in those instruments, then they did not pass thereby. Under the express holding of our Supreme Court in the case of Murray Co. v. Simmons, 229 S. W. 461, they never actually became a part of the realty, for the reason that the contract of purchase between plaintiff and Brown, the then owner of the realty, fixed and determined their status as personalty until the purchase price therefor should be paid. That price has never been paid. Defendants cannot invoke the doctrine of subsequent lienholders or purchasers in good faith, because they are neither subsequent lienholders nor purchasers of this personalty. Had it been the intention of Brown and defendants to incumber this machinery with a lien, that intention could have been easily accomplished by merely describing the property covered thereby so as to include all machinery situated on the lots described, in which event defendants would have been protected. The fact that in the instant case additional money was advanced by the defendants to Brown on the occasion of the execution of the renewal deed of trust under which they derived title, while in the Simmons Case no additional advancements were made at the time of renewal, cannot, in our opinion, distinguish the two cases. If the intention as expressed in the purchase contract determines the status of this property as personalty, as we understand the Simmons Case to hold, then the existence of that intention can be in no wise affected by the additional consideration involved in the renewal.

We are requested to make certain additional findings of fact. This case was tried below before the court without the aid of a jury. No findings of fact are contained in the record, but judgment was rendered in favor of defendants. In support of such judgment we presume that all facts were found in favor of the defendants which have any support in the evidence. We therefore make, as our findings of fact, any and all facts favorable to the defendants having any evidence to support them in the record. Wherever there is a disputed fact in the record, we hereby find for the defendants thereon.

The motion to certify does not suggest any question which it is desired that we submit to the Supreme Court. As disclosed by our opinion, we think we have followed the holding of the Supreme Court in the case of Murray Co. v. Simmons, supra, and a prior holding of the Court of Civil Appeals in the case of Willis v. Munger Improved Cotton Machine Mfg. Co., 13 Tex. Civ. App. 677, 36 S. W. 1010 (error refused), which latter case was cited with approval in the former case. Counsel for defendants believe that we

have improperly interpreted these holdings, and that our holding herein is unsound. We have given them the benefit of complete findings of fact, as it was our duty to do, and the question can as well be presented to the Supreme Court by application for writ of error as by certificate.

The motion to certify is therefore overruled. The motion for additional findings is granted in part, as disclosed above, and the motion for rehearing is overruled.