## MEREDITH MYERS v. ALEXANDER COCKRILL.

The colonists of Peters' colony were not authorized, under the law, to claim priority to particular selections of land, by mere designation ; in order to become entitled to such priority, settlement on the land was necessary.

Error from Dallas. Trespass to try title by plaintiff in error against the defendant in error. (The transcript in this case not having been found in the Clerk's office, we are unable to state the facts. REPS.)

*Burford & Good*, for appellant.

*McCoy & Nicholson*, for appellee.

WHEELER, J. It cannot be successfully questioned, that the legislative grant to the defendant's vendor was a legal appropriation of the land granted, unless it had been previously appropriated. The material question to be determined therefore is, whether the plaintiff had acquired a right to the land in question, prior to the defendant's grant.

The plaintiff may have been well entitled to his certificate, as a colonist, under the Act of January 21, 1850, (Hart. Dig. Art. 2229, *et seq*.) without being thereby entitled to claim any particular or certain tract or parcel of land. The right to his certificate was acorded to him by competent authority, and is not questioned. But the bare right to the certificate, under the law, did not, of itself, operate an appropriation of the land, previous to its issuance. Something more, settlement, was also necessary to give a right to any particular or certain parcel of land. Had the plaintiff acquired a right to the land in question, by settlement, prior to the date of his certificate ? or

had he appropriated it, either by settlement or by his certificate, prior to the grant under which the defendant claims? We think clearly not. He commenced making a settlement upon the land in the Spring, and prior to July, 1848. But he appears shortly afterwards to have abandoned it, and thenceforward to have done no legal act, indicative of an intention to appropriate this land in satisfaction of his claim as a colonist, until after it had been granted by the State to the defendant's vendor; when the plaintiff had it surveyed upon his certificate, after having caused a survey to be made of a part of the land to which he was entitled, by virtue of his certificate, elsewhere.

There is, indeed, no evidence to warrant the conclusion, that the plaintiff had appropriated, or acquired a right to appropriate, or, indeed, that he even retained the intention, which he appears at one time to have entertained, to appropriate the land in question, at the date of the defendant's grant. On the contrary, there appears to have been good reason to believe he had relinquished that intention. But it will not be insisted that the mere intention to appropriate—and it cannot be pretended that there was at that time evidence of anything more, if even of that—could be received as evidence of title, or right to land. The plaintiff's subsequent survey upon his certificate, having no prior equity to support it, could not operate to divest the title of a prior grantee, and appropriate to the plaintiff the land granted to another. In fine, it is quite too clear for controversy or doubt, that the plaintiff cannot maintain his pretension of title to the land in question, as against the defendant's title. The judgment must therefore be affirmed.

Judgment affirmed.