Benjamin RAMIREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–96–00162–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 15, 1998.

Discretionary Review Refused
March 24, 1999.

(B) explain in writing to the court why the state cannot deliver the evidence to

the court.

56

John Emmett Crow, Pasadena, Winston E. Cochran, Jr., Hill & Hill Houston, for appellant.

Keli Pool Roper, for appellee.

Before YATES, AMIDEI and FOWLER, JJ.

## OPINION

YATES, Justice.

Appellant, Benjamin Ramirez, was convicted of indecency with a child. *See* TEX. PENAL CODE ANN. § 21.11 (Vernon 1997). In his sole point of error, he contends the trial court erred in overruling a motion to suppress his confession. We affirm.

On April 20, 1994, appellant went to the Galena Park Police Station to speak with police regarding a complaint filed against him for molestation of a child. During the interview, the police typed a written statement based on appellant's oral statements. After appellant signed the statement, he was arrested and ultimately indicted for indecency with a child.

Appellant filed a motion to suppress his confession in which he alleged his statement was not voluntary. At a hearing on his motion to suppress, Lieutenant Price testified he telephoned appellant and told him a complaint had been made against him and he needed to ask him some questions. Later that day, appellant went to Price's office. Price stated he interviewed appellant and took a statement from him. During the interview, appellant was never informed he was under arrest or handcuffed. Price testified that appellant was free to leave at any time, and that there was no probable cause to arrest appellant until after appellant made incriminating statements.

■ Price also testified that as the statement was being typed, appellant read it and made corrections to it. Price stated appellant told him he could read and write English. However, two defense witnesses, Jack Durett and Elvida Ramirez, testified appellant had only a limited understanding of spoken English and could not read or write English. The trial court found appellant signed the statement knowingly and voluntarily and it was not the product of a custodial interrogation.[1]

■ In reviewing a trial court's ruling on a motion to suppress, an appellate court should show almost total deference to a trial court's determination of the historical facts, especially when the trial court's fact findings are based on an evaluation of the credibility and demeanor of the witnesses. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). The same amount of deference is shown to a trial court's rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *See id.* We review *de novo* "mixed questions of law and fact" not falling within this category.

1. The trial court made the following findings of fact and conclusions of law:
   1. On April 20, 1994, Lieutenant Joe Price of the Galena Park Police Department called the defendant, Benjamin Ramirez, and asked him to come to the police station because a complaint had been lodged against him concerning events that had occurred four years earlier.
   2. The defendant came to Lt. Price's office at about 4:00 p.m. under his own power.
   3. Lt. Price told the defendant that he was not under arrest and informed him about the nature of the complaint against him. The defendant initially denied having committed the crime.
   4. Lt. Price began to type a statement for the defendant. At that point, the defendant admitted having committed the offense of indecency with a child.
   5. The defendant read the statement, made corrections to it and signed it knowingly and voluntarily.
   6. The defendant was arrested after he signed the statement.
   7. The provisions of Article 38.22 do not apply to the defendant's statement because it was not a result of custodial interrogation.

*See id.* When faced with a mixed question of law and fact, the critical question under *Guzman* is whether the ruling "turns" on an evaluation of credibility and demeanor. *See Loserth v. State,* 963 S.W.2d 770, 773 (Tex.Crim.App.1998). Here, the judge's finding that appellant's statement was not the product of custodial interrogation does not "turn" on an evaluation of credibility and demeanor. Accordingly, this finding is subject to a *de novo* review. However, the trial court also found that appellant read the statement, made corrections to it, and signed it knowingly and voluntarily. Implicit in this finding is a determination that appellant could understand and read English. Because this finding was based on an evaluation of credibility and demeanor, we apply an abuse of discretion standard. Further, because the trial court made no express findings concerning appellant's ability to understand English, the facts are viewed in a light favorable to the court's ruling. *See id.* at 774.

■■■ We begin our analysis with the trial court's finding that appellant's statement was not a result of custodial interrogation. "Custodial interrogation" is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom in any significant way. *Cannon v. State,* 691 S.W.2d 664, 671 (Tex.Crim. App.1985) (citing *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966)). In determining whether an individual was in custody, the court must examine all the circumstances surrounding the interrogation, but "the ultimate inquiry is simply whether there [was] a 'formal arrest or restraint of movement' of the degree associated with formal arrest." *See California v. Beheler,* 463 U.S. 1121, 1125, 103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275 (1983); *see also Meek v. State,* 790 S.W.2d 618, 621 (Tex.Crim.App.

1990); *La Point v. State,* 650 S.W.2d 821, 824 (Tex.Crim.App.1983). If an investigation is not at an accusatorial or custodial stage, a person's Fifth Amendment rights have not yet come into play and the voluntariness of those rights are not implicated. *See Melton v. State,* 790 S.W.2d 322, 326 (Tex.Crim.App.1990); *Garza v. State,* 915 S.W.2d 204, 211 (Tex.App.—Corpus Christi 1996, pet. filed). In addition, Article 38.22 does not bar admission of a statement that does not stem from custodial interrogation. *See* TEX.CODE CRIM. PROC. ANN. art. 38.22 (Vernon 1979); *White v. State,* 874 S.W.2d 229, 236 (Tex. App.—Houston [14th Dist.], pet. dism'd, 890 S.W.2d 69 (Tex.Crim.App.1994)).

The record reveals appellant freely consulted with Lieutenant Price in the writing of the statement, and the statement was not the product of custodial interrogation. *See Brooks v. State,* 580 S.W.2d 825, 834 (Tex.Crim.App.1979) (holding defendant's statement was not the result of custodial interrogation when defendant went voluntarily to the police station); *Stone v. State,* 583 S.W.2d 410, 412–13 (Tex.Crim.App. 1979) (holding defendant was not in custody when he was told he was free to leave prior to his confession); *Kiser v. State,* 788 S.W.2d 909, 912 (Tex.App.—Dallas 1990, pet. ref'd) (holding statement was admissible when defendant voluntarily went to police station and was told he was not under arrest).

Appellant does not contest the trial court's finding that he was not in custody. Rather, he maintains that the Fourteenth Amendment's Due Process Clause requires that even non-custodial statements be voluntary. He alleges appellant's inability to read English rendered his confession involuntary.

■■■ Determination of whether a confession is voluntary must be based on an examination of the totality of the circumstances. *See King v. State,* 831

S.W.2d 891, 894 (Tex.App.—Houston [14th Dist.] 1992, no pet.) Relevant circumstances to evaluate if a defendant's will has been overborne include:

> [L]ength of detention, incommunicado or prolonged interrogation, denying a family access to a defendant, refusing a defendant's request to telephone a lawyer or family, and physical brutality ... [sic] A defendant's characteristics and status, as well as the conduct of the police, are important concerns.

*Id.* (citing *Armstrong v. State,* 718 S.W.2d 686, 693 (Tex.Crim.App.1985)).

After examining the relevant circumstances in this case, we find no error in the trial court's conclusion that appellant's confession was knowing and voluntary. Although, as noted above, the record contains conflicting evidence concerning appellant's ability to read and write English, there was ample evidence from which the judge could have concluded that appellant understood English. For example, Lt. Price testified that appellant told him he could read English "fine" and could write it "a little." Further, he testified that when appellant was given *Miranda*[2] warnings in English, appellant stated he understood them.

In addition, other factor's surrounding the taking of appellant's statement support a finding that it was voluntary. Lt. Price testified appellant came to the police station on his own. He was never handcuffed, never told that he was under arrest, or told he was not free to leave. He did not request to speak with an attorney. He was not denied any basic necessities, did not appear to be under the influence of narcotics or alcohol, and was not promised anything in exchange for his statement. There is no evidence in the record that he was mistreated or that the police acted improperly. In short, other than some evidence of his inability to read and write English, there is no evidence that appellant's statement was involuntary. And, appellant's ability to understand English was a determination for the trial court to make based on an evaluation of the credibility and demeanor of the witnesses. *See Loserth,* 963 S.W.2d at 773. Accordingly, the trial court did not err in admitting appellant's statement, and appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.

**2.** *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).